## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**GITA F. SANKANO,**

**Plaintiff,**

v.

**TROUTMAN PEPPER HAMILTON SANDERS LLP,**

**Defendant.**

**Case No. 1:24-cv-00142**

## DEFENDANT'S ANSWER

Defendant Troutman Pepper Hamilton Sanders LLP ("Defendant" or "Troutman Pepper"), by counsel, states as follows for its Answer to the Complaint ("Complaint") filed by Plaintiff Gita Sankano ("Plaintiff"):

## INITIAL AVERMENT

Plaintiff's employment was terminated solely for performance reasons, plain and simple. Defendant's position is made clear based on the responses set forth below, and, at bottom, Plaintiff's claims are without merit.  Troutman Pepper treated Plaintiff no differently than any other similarly situated associate, offering her training opportunities, appropriate feedback, and attention to her concerns.  That Plaintiff failed to measure up to expectations given her level as a rising fifth-year associate does not belie Troutman Pepper's commitment to equity, inclusion, and diversity, much less its focus on a workplace free of discrimination and retaliation in accordance with applicable laws.

## RESPONSES TO PARAGRAPHS IN THE COMPLAINT

Defendant hereby responds to the separately numbered paragraphs of Plaintiff's complaint as follows:

PRELIMINARY STATEMENT

1.      Defendant admits that Plaintiff began working as an associate at Pepper Hamilton LLP ("Pepper Hamilton") in 2019 and that Pepper Hamilton subsequently merged with Troutman Sanders LLP, now Troutman Pepper Hamilton Sanders LLP.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2.      Defendant admits that it is committed to diversity, equity, and inclusion ("DEI"). Defendant further admits that DEI is one of its "core values."  Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits that on June 10, 2020, it held a Town Hall meeting where members of its community were invited and encouraged to join together to stop and reflect on the racial injustices that persist in the United States, support those affected, and identify ways that the firm could contribute to promoting equality and justice.  Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that its attorneys of various races and ethnicities are sometimes invited to events for Historically Black Colleges and Universities ("HBCUs") and other events celebrating diversity.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that it aspires to provide an "equitable and inclusive environment" for its employees.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits that its attorneys who were alumni of Howard University, DC attorneys in the Black Attorney Affinity Group (including Plaintiff), DC recruiting committee

members, and DC attorneys on the DEI committee were invited to attend an etiquette dinner that Defendant sponsored for the Howard University Business Law Society on November 14, 2023. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendant admits Plaintiff spoke with one of its Legal Talent Recruiting Managers at an etiquette dinner on November 14, 2023.   Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendant admits that when Plaintiff was hired by Pepper Hamilton in 2019, Plaintiff was the only Black attorney in Pepper Hamilton's Washington, D.C. office.  Defendant denies that Plaintiff has been subjected to constant discriminatory treatment by the partners for whom she has worked since 2019.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.     Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits that Plaintiff exchanged email correspondence with one of its partners, Matthew Bowsher, on August 3, 2023, and a portion of that email correspondence is depicted on page 23 of the Complaint.  Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits that Whitney Loughran requested to no longer work with Mr. Bowsher.  Defendant denies that Ms. Loughran communicated or expressed her belief that Mr. Bowsher had discriminated against her based on race to any member of the firm's management or Human Resources department. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies that Lindsey Crawford or Marshall Tucker are members of the firm's Multifamily Housing Finance ("MFH") Practice Group's leadership team.   Defendant admits the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits that on August 8, 2023, Plaintiff met with Jennifer Jana, a Career Coaching & Planning Manager.   Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that on August 10, 2023, Plaintiff filed a formal complaint with Denise Johnson, Senior Human Resources Manager, regarding Mr. Bowsher's August 3, 2023, communication.   Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that Ms. Johnson interviewed Plaintiff for a second time on August 23, 2023.   Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits that in August 2023, Dameon Rivers, a partner in its Washington, D.C. office stopped by Plaintiff's office and expressed concern when Plaintiff indicated that she was upset.   Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits that Plaintiff filed an internal complaint with Human Resources on August 10, 2023, and the results of that investigation were conveyed to Plaintiff on October 27, 2023.  Defendant further admits that at the conclusion of the firm's investigation, Defendant found

that Mr. Bowsher's conduct was not discriminatory.  Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.    Defendant admits that on September 23, 2023, Plaintiff accepted an award on behalf of Defendant at the HBCU Pre-Law Summit Honors Awards.  Defendant further admits that Plaintiff and another associate attended an etiquette dinner that Defendant sponsored for the Howard University Business Law Society on November 14, 2023.  Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.    Defendant admits that it notified Plaintiff of its decision to terminate her employment on November 29, 2023.  Defendant admits that Plaintiff received a discretionary bonus at market rate for her associate year, plus an additional five percent in March 2022, and another discretionary bonus at market rate for her associate year in February 2023.  Defendant further admits that at the time attorneys completed their evaluations of Plaintiff's 2023 performance in September 2023, they were not aware that Plaintiff's employment was going to be terminated. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.    Defendant admits that the MFH Practice Group's leadership did not consult Ms. Loughran (an associate at that time) regarding the decision to terminate Plaintiff's employment. Defendant further admits that Ms. Loughran was on maternity leave in December 2023. Defendant further admits that prior to Plaintiff's termination, Ms. Loughran had planned to have Plaintiff serve as the junior associate on new deals that were assigned to Ms. Loughran while she was out on maternity leave.  Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that the MFH Practice Group's leadership did not provide Ashanté Smith, the DEI partner in the MFH Practice Group, advance notice of its decision to terminate Plaintiff's employment.   Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits that in response to the Plaintiff's counsel's notice of Plaintiff's intent to file the instant claims, the firm responded noting that it had reviewed Plaintiff's claims and looked into the facts underlying them and had not found any evidence that Plaintiff was harassed or discriminated against because of her race or retaliated against for filing a complaint about Mr. Bowsher's communications with her. Defendant further admits that it did not contact Ms. Loughran (an associate at the time who was out on maternity leave) to discuss Plaintiff's claims as part of an internal investigation following receipt of Plaintiff's counsel's notice of Plaintiff's intent to file these claims.   Defendant further admits that it also communicated to Plaintiff's counsel the fact that Ms. Loughran, a Black female and mentor of Plaintiff's, had recently been promoted to Partner (as of January 1, 2024) in the MFH Practice Group in its response.  Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that its web page on DEI states, in part, that "diverse teams achieve better results…."  Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits that Plaintiff has brought claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the Washington D.C. Human Rights Act, D.C. Code §§ 2-1402.11 and 2-1402.61 ("DCHRA"), but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

## JURISDICTION AND VENUE

28.     Defendant admits that Plaintiff invokes the jurisdiction of the Court pursuant to the statute cited in Paragraph 28 of the Complaint.  Defendant further states that the existence of jurisdiction is a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant admits that this Court has jurisdiction over the claims asserted in the Complaint, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

29.     Defendant admits that Plaintiff invokes the venue of the Court pursuant to the statute cited in Paragraph 29 of the Complaint.  Defendant further states that the existence of venue is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits that the District of Columbia is a proper venue for the claims asserted in the Complaint, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

## PARTIES

30.     Defendant admits that Pepper Hamilton employed Plaintiff from August 30, 2019, through June 30, 2020 and that Defendant employed Plaintiff from July 1, 2020 through November 29, 2023.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency contained in Paragraph 30 of the Complaint, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits the allegations contained in Paragraph 31 of the Complaint.

FACTUAL ALLEGATIONS

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies the same.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the same.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies the same.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37.     Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant admits that Plaintiff was hired by Pepper Hamilton to support Christine Waldmann Carmody, a partner in the Washington, D.C. office.  Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendant admits that Plaintiff worked on Federal Housing Administration loans when she initially joined Pepper Hamilton.  Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant admits that Ms. Carmody told Plaintiff that not all work should be billed to clients.  Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     Defendant admits that Ms. Carmody instructed Plaintiff to allow Ms. Carmody to review Plaintiff's time entries prior to them being entered into the firm's timekeeping system. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Defendant admits that Ms. Carmody reviewed Plaintiff's time entries in advance of them being entered into the firm's timekeeping system.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's alleged confusion in Paragraph 46 of the Complaint, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendant admits that Plaintiff was the only Black associate reporting to Ms. Carmody from August 2019 through June 2020.  Defendant further admits that Plaintiff was the only Black attorney in Pepper Hamilton's Washington, D.C. office from August 2019 through June 2020.  Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendant admits that Plaintiff asked Ms. Carmody whether she could be reprimanded for not billing hours directly through the firm's timekeeping system.  Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendant admits that Ms. Carmody explained flat fee agreements to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's subjective belief or reasoning, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52.     Defendant admits the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant admits that Plaintiff was a first-year associate when she worked for Ms. Carmody and was the only Black attorney in Pepper Hamilton's Washington, D.C. office during that time. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint, and therefore denies the same.

55.     Defendant admits that Ms. Carmody continued to review Plaintiff's time entries prior to their input into Pepper Hamilton's timekeeping system in 2019.  Defendant denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore denies the same.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore denies the same.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore denies the same.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant admits that in or around February 2020, Plaintiff and Ms. Carmody went to the Housing and Urban Development office in Washington, D.C. to close a deal they had been

working on together.  Defendant denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendant admits the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's subjective view or impressions of her conversation with Audrey Wisotsky, a partner in Pepper Hamilton's Philadelphia office, and therefore denies the same.   Defendant denies the remainder of the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant admits that Ms. Wisotsky instructed Plaintiff to enter her time into the firm's timekeeping system on a daily basis and that if Plaintiff performed work for a client, she should record her time to the client-matter number. Defendant further admits that Ms. Wisotsky notified Ms. Carmody of her instruction to Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Defendant admits that on April 26, 2020, Plaintiff emailed Ms. Carmody informing her that Ms. Wisotsky had instructed Plaintiff to enter all of her time on daily basis. Defendant denies the remaining allegations contained in Paragraph 70 of the Complaint.

71.     Defendant admits that on April 26, 2020, Ms. Carmody emailed Plaintiff stating that she "still need[ed] to see [her] time before it goes in…." Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's feelings about Ms. Carmody or Ms. Wisotsky's instructions, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 71 of the Complaint.

72.    Defendant admits that on April 26, 2020, Plaintiff asked if Ms. Carmody and Ms. Wisotsky could get on a call or email exchange so that Plaintiff could get clarity on their instructions regarding Plaintiff's time entry requirements. Defendant further admits that Ms. Carmody communicated to Plaintiff that not all work should be billed to a client. Defendant denies the remaining allegations contained in Paragraph 72 of the Complaint.

73.    Defendant admits that Plaintiff told her assistant Detra McRae about a conversation with Ms. Carmody regarding her time entries. Defendant denies the remaining allegations contained in Paragraph 73 of the Complaint.

74.    Defendant admits the allegations contained in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.    Defendant admits the allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant admits that Plaintiff contacted Kassem Lucas, a partner in Pepper Hamilton's Philadelphia office, to discuss how to proceed with Ms. Carmody's and Ms. Wisotsky's instructions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint, and therefore denies the same.

79.    Defendant admits the allegations contained in Paragraph 79 of the Complaint.

80.    Defendant admits that Plaintiff reached out to Ms. Wisotsky regarding her time entries and that Ms. Wisotsky communicated to Plaintiff that she would handle the matter.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the Complaint, and therefore denies the same.

81.     Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore denies the same.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore denies the same.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant admits the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant admits the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant admits that on June 10, 2020, it held a Town Hall meeting where members of its community were invited and encouraged to join together to stop and reflect on the racial injustices that persist in the United States, support those affected, and identify ways that the firm could contribute to promoting equality and justice.   Defendant denies the remaining allegations contained in Paragraph 90.

91.     Defendant admits that in and after June 2020 Plaintiff received more work following the merger and the MFH Practice Group's uptick in business.   Defendant denies the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies that Plaintiff was sidelined by Ms. Carmody and other partners at the firm.   Defendant lacks knowledge and information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 92 of the Complaint, and therefore denies the same.

93.     Defendant admits that Plaintiff asked to be placed in the MFH Practice Group following the merger.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 93 of the Complaint, and therefore denies the same.

94.     Defendant denies that placement in the MFH Practice Group guaranteed an associate would meet the firm's billable hours requirement.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 of the Complaint, and therefore denies the same.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant admits that in or around late July 2020, Henry Liu, stopped by Plaintiff's office.  Defendant denies the remaining allegations contained in Paragraph 98 of the Complaint.

99.     Defendant admits that Mr. Liu agreed to move Plaintiff's office at her request, due to Plaintiff's request to no longer work with or be near Ms. Carmody.  Defendant denies the remaining allegations contained in Paragraph 99 of the Complaint.

100.    Defendant admits the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant admits that Plaintiff communicated to Mr. Liu that she did not want to be the one to tell Ms. Carmody that Plaintiff's office was moving.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 of the Complaint.

102.   Defendant admits the allegations contained in Paragraph 102 of the Complaint.

103.   Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.   Defendant admits that Ms. Carmody emailed Plaintiff and copied Brian Iwashyna, a partner in the Richmond office and a leader in the MFH Practice Group, Mr. Liu, and Ms. Wisotsky.   Defendant denies the remaining allegations contained in Paragraph 104 of the Complaint.

105.   Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.   Defendant admits the allegations contained in Paragraph 106 of the Complaint.

107.   Defendant admits that Plaintiff was placed in the MFH Practice Group at the time of the merger in July 2020.  Defendant denies the remaining allegations contained in Paragraph 107 of the Complaint.

108.   Defendant admits that Plaintiff worked in the Washington, D.C. office and that a significant portion of Plaintiff's work came from partners in the Richmond office and from Ms. Loughran, then a senior associate in the Richmond office.   Defendant denies the remaining allegations contained in Paragraph 108 of the Complaint.

109.   Defendant admits that after the merger, Plaintiff was and remained the only Black woman attorney in the MFH Practice Group in the Washington, D.C. office.  Defendant denies the remaining allegations contained in Paragraph 109 of the Complaint.

110.   Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.   Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.   Defendant admits that Plaintiff did not meet the firm's billable hours requirement for 2020.   Defendant denies the remaining allegations contained in Paragraph 112 of the Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant denies that Nora Nickel was the only Professional Development Partner in the MFH group, but admits the remaining allegations contained in Paragraph 114 of the Complaint.

115.    Defendant admits that on Sundays between October 2020 and December 2021, Plaintiff would send Ms. Nickel, a partner in the Richmond office, and Mr. Iwashyna a list of the assignments she had completed the week prior and the partners with whom she had worked. Defendant denies the remaining allegations contained in Paragraph 115 of the Complaint.

116.    Defendant admits that Ms. Nickel and Mr. Iwashyna would occasionally respond to Plaintiff's weekly updates with positive comments about the number of hours Plaintiff worked. Defendant denies the remaining allegations contained in Paragraph 116 of the Complaint.

117.    Defendant admits that the quotes contained in the bulleted list under Paragraph 117 of the Complaint are accurate representations of some of the comments made by Ms. Nickel, Virginia Stitzer, Peter Strup, Mr. Liu, Andrew Rogoff, and David Wormser in Plaintiff's 2020 performance evaluations.  Defendant denies that the comments included in Paragraph 117 of the Complaint are complete or representative of all the comments or feedback Plaintiff received in her 2020 performance evaluations.

118.    Defendant admits that the quotes contained in the bulleted list under Paragraph 118 of the Complaint are accurate representations of some of the comments made by Ms. Crawford, Kevin Dexter, Ms. Loughran, Kassem Lucas, Kelly Mufarrige, Ms. Nickel, S.R. Sidarth, and Mr. Tucker in Plaintiff's 2021 performance evaluations.  Defendant denies that the comments included in Paragraph 118 of the Complaint are complete or representative of all the comments or feedback Plaintiff received in her 2021 performance evaluations. Defendant further denies Plaintiff's

characterization of her 2021 performance review and any remaining allegations contained in Paragraph 118 of the Complaint.

119.    Defendant admits that Plaintiff recorded 2,301 hours in the firm's timekeeping system in 2021.  Defendant denies the remaining allegations contained in Paragraph 119 of the Complaint.

120.    Defendant admits that on March 1, 2022, Plaintiff received the lockstep pay increase for an associate at Plaintiff's year and a discretionary bonus of $32,500, which was the market bonus rate for Plaintiff's associate year plus an additional five percent.  Defendant further admits that on July 7, 2021, and December 31, 2021, Plaintiff received a bonus of $6,000.00 and $10,000.00, respectively.  Defendant further admits that to be eligible for the two bonuses paid in 2021, an associate would need to bill 1950 annualized hours, inclusive of client billable work, legal work for the firm, and up to 100 pro bono hours.  Defendant denies the remaining allegations contained in Paragraph 120 of the Complaint.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint, and therefore denies the same.

122.    Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.    Defendant admits that in May of 2022, David McPherson formally announced his retirement from the firm.  Defendant denies the remaining allegations contained in Paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.    Defendant admits that Plaintiff had worked on approximately three matters with Mr. McPherson prior to his retirement.  Defendant denies the remaining allegations contained in Paragraph 125 of the Complaint.

126.     Defendant admits that Plaintiff asked the partners in the MFH Practice Group to be placed on more complex deals in 2022. Defendant further admits that Mr. Bowsher asked Plaintiff to assist him on a new deal in 2022. Defendant denies the remaining allegations contained in Paragraph 126 of the Complaint.

127.     Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.     Defendant admits that as part of certain deals, some loan documents need to be notarized and recorded.  Defendant denies the remaining allegations contained in Paragraph 128 of the Complaint.

129.     Defendant admits that it is standard practice in the MFH group that loan documents needing notarization customarily have a "signature block" for the client to sign and a "notary panel" for the notarization on the same page of the loan documents.  Defendant denies any remaining allegations contained in Paragraph 129 of the Complaint.

130.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, and therefore denies the same.

131.     Defendant denies that Plaintiff asked her Legal Practice Assistant, Katie Stratton, to place the client's signature block and the notary panel on different pages.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 131 of the Complaint, and therefore denies the same.

132.     Defendant admits that Mr. Bowsher called Plaintiff to discuss the notary's signature page.  Defendant denies the remaining allegations contained in Paragraph 132 of the Complaint.

133.     Defendant admits that Mr. Bowsher explained to Plaintiff a notary's function. Defendant denies the remaining allegations contained in Paragraph 133 of the Complaint.

134.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135.     Defendant admits that Plaintiff told Mr. Bowsher that she put the client's signature block and the notary panel on different pages because it was how the client requested the documents be formatted in the past.  Defendant denies the remaining allegations contained in Paragraph 135 of the Complaint.

136.     Defendant admits that Mr. Bowsher responded with "oh, okay" following Plaintiff's explanation.  Defendant denies the remaining allegations contained in Paragraph 136 of the Complaint.

137.     Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138.     Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.     Defendant admits that a significant portion of Ms. Mufarrige's work as a senior associate in the Washington, D.C. office was for Mr. Bowsher.  Defendant denies the remaining allegations contained in Paragraph 139 of the Complaint.

140.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint, and therefore denies the same.

141.     Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.     Defendant admits that Ms. Loughran called Plaintiff. Defendant denies the remaining allegations contained in Paragraph 142 of the Complaint.

143.     Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.     Defendant admits that Ms. Loughran told Plaintiff that Mr. Iwashyna had told Ms. Loughran that there had been complaints about Plaintiff's work.  Defendant denies that Mr.

Iwashyna told Ms. Loughran that Mr. Bowsher was complaining about Plaintiff. Defendant denies the remaining allegations contained in Paragraph 144 of the Complaint.

145.    Defendant admits that Ms. Loughran told Mr. Iwashyna that Plaintiff's mistakes were not unusual. Defendant denies the remaining allegations contained in Paragraph 145 of the Complaint.

146.    Defendant admits that Ms. Loughran told Mr. Iwashyna that she believed it would be more efficient for the individuals with complaints about Plaintiff's work to speak directly with Plaintiff about their concerns. Defendant denies the remaining allegations contained in Paragraph 146 of the Complaint.

147.    Defendant admits that Ms. Loughran told Plaintiff that her work needed to be perfect when working with Mr. Bowsher. Defendant denies the remaining allegations contained in Paragraph 147 of the Complaint.

148.    Defendant admits that Ms. Loughran had informed Mr. Iwashyna that she no longer wished to work with Mr. Bowsher and conveyed that sentiment to Plaintiff. Defendant further admits that at some point Ms. Loughran told Plaintiff that as a Black woman she too felt discriminated against by Mr. Bowsher. Defendant denies that Ms. Loughran informed anyone at the firm (other than Plaintiff) that she believed Mr. Bowsher was discriminating against her or that her decision to no longer work with Mr. Bowsher was based on her belief that Mr. Bowsher discriminated against her because of her sex or race.

149.    Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.    Defendant admits that Plaintiff reached out to Ms. Loughran and Ms. Smith to discuss Mr. Bowsher on at least one occasion. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation pertaining to Plaintiff's subjective feeling

or reasoning for reaching out to Ms. Loughran and Ms. Smith, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 150 of the Complaint.

151.    Defendant admits that Plaintiff spoke with Ms. Smith about Mr. Bowsher's communications.  Defendant denies the remaining allegations contained in Paragraph 151 of the Complaint.

152.    Defendant admits that Ms. Smith told Plaintiff that she had relayed Plaintiff's concerns about Mr. Bowsher's communication style to Mr. Iwashyna.  Defendant denies the remaining allegations contained in Paragraph 152 of the Complaint.

153.    Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156.    Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157.    Defendant admits that Plaintiff expressed to Mr. Strup, a partner in the Richmond office, and Ms. Nickel that she felt that she was not receiving enough training.  Defendant denies the remaining allegations contained in Paragraph 157 of the Complaint.

158.    Defendant admits that Plaintiff asked Ms. Crawford why she had not been invited to a training.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 of the Complaint, and therefore denies the same.

159.    Defendant denies the allegations contained in Paragraph 159 of the Complaint.

160.    Defendant admits that Plaintiff recorded 2,204 hours in the firm's timekeeping system in 2022.  Defendant denies the remaining allegations contained in Paragraph 160 of the Complaint.

161.    Defendant admits that in February 2023, Plaintiff received copies of her 2023 performance evaluations and attended her performance review conference.  Defendant denies the remaining allegations contained in Paragraph 161 of the Complaint.

162.    Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164.    Defendant admits that Mr. Bowsher's comments in Plaintiff's 2022 review stated that for "a 2019 grad" Mr. Bowsher would "like to see more attention to detail" and "for a 2019 grad" he would also like to see Plaintiff "improve on reducing the number of mistakes which could easily be prevented by paying more attention to detail, giving more careful though to responses and analysis." Defendant further admits that Mr. Bowsher's comments in Plaintiff's 2022 review stated that Plaintiff was at "a level of experience where more is expected than merely pushing things forward."  Defendant denies the remaining allegations in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations contained in Paragraph 165 of the Complaint.

166.    Defendant admits the allegations contained in Paragraph 166 of the Complaint.

167.    Defendant admits the allegations contained in paragraph 167 of the Complaint.

168.    Defendant denies the allegations contained in Paragraph 168 of the Complaint.

169.    Defendant denies the allegations contained in Paragraph 169 of the Complaint.

170.    Defendant admits that Plaintiff met with Ms. Nickel and Blair Schiff, a partner in the Washington, D.C. office, on February 15, 2023.  Defendant further admits that Mr. Schiff was a member of the Associate Development Committee ("ADC"), but denies that Ms. Nickel was a member of the ADC.  Defendant denies the remaining allegations contained in Paragraph 170 of the Complaint.

171.    Defendant admits that Plaintiff told Ms. Nickel and Mr. Schiff that the feedback Mr. Bowsher had provided to Plaintiff in his evaluation of her 2022 performance had not previously been relayed to her in person.  Defendant denies the remaining allegations contained in Paragraph 171 of the Complaint.

172.    Defendant denies the allegations contained in Paragraph 172 of the Complaint.

173.    Defendant denies the allegations contained in Paragraph 173 of the Complaint.

174.    Defendant denies the allegations contained in Paragraph 174 of the Complaint.

175.    Defendant admits that in February 2023 Plaintiff received a discretionary bonus at the market rate for Plaintiff's associate level in the amount of $57,000.  Defendant further admits that Plaintiff received a lockstep salary increase commensurate with Plaintiff's associate level in 2023.  Defendant denies the remaining allegations contained in Paragraph 175 of the Complaint.

176.    Defendant admits that Plaintiff continued to do some work with Ms. Nickel following her 2022 performance evaluation and received some positive feedback.  Defendant denies that Ms. Nickel only provided Plaintiff positive feedback.  Defendant denies the remaining allegations contained in Paragraph 176 of the Complaint.

177.    Defendant admits that on June 28, 2023, Ms. Nickel emailed Plaintiff, and some of the feedback provided in that email is accurately reflected in Paragraph 177 of the Complaint. Defendant denies that the feedback reflected in Paragraph 177 of the Complaint is a complete representation of the June 28, 2023, correspondence.  Defendant denies the remaining allegations in Paragraph 177 of the Complaint.

178.    Defendant admits that at various times throughout Plaintiff's employment she asked Ms. Mufarrige to work with her.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's reasoning for seeking to work

with Ms. Mufarrige or Plaintiff's subjective opinion of her prior experience working with Ms. Mufarrige, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 178 of the Complaint.

179. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint, and therefore denies the same.

180. Defendant admits the allegations contained in Paragraph 180 of the Complaint.

181. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint, and therefore denies the same.

182. Defendant admits that on July 31, 2023, Plaintiff asked individuals on the MFH New Matters team (via an email distribution list) to open a matter for two deals with Mr. Bowsher and Ms. Mufarrige, for the referenced clients. Defendant denies the remaining allegations contained in Paragraph 182 of the Complaint.

183. Defendant admits that her initial email correspondence regarding the two new matters indicated that the Matter Responsible Attorney credit should be split 70% for Mr. Bowsher and 30% for Ms. Mufarrige. Defendant denies the remaining allegations contained in Paragraph 183 of the Complaint.

184. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint, and therefore denies the same.

185. Defendant admits that on August 3, 2023, Plaintiff sent two emails to Lisa Mauriello and the MFH New Matters distribution list stating that "Kelly should be the matter responsible attorney for this one" and then subsequently "Kelly should be the matter responsible.

So it should change from Matt to Kelly." Defendant denies the remaining allegations contained in Paragraph 185 of the Complaint.

186.    Defendant admits that on August 3, 2023, at 11:28 a.m. EDT, Mr. Bowsher emailed Plaintiff stating "You are confused.  Kelly is not to be the sole 100% matter responsible attorney. Per your original request, and per the other matters you've previously opened for me and Kelly, it should be 30% Kelly and 70% Matt." Defendant further admits that Mr. Bowsher sent another email at 12:44 p.m. EDT that same day, the contents of which are accurately reflected in Paragraph 187 of the Complaint.  Defendant denies the remaining allegations contained in Paragraph 186.

187.    Defendant admits that the contents of the August 3, 2023, email from Mr. Bowsher to Plaintiff sent at 12:44 p.m. EDT, are partially reflected in Paragraph 187 of the Complaint. Defendant denies that Paragraph 187 of the Complaint is a complete representation of the entire email correspondence between Mr. Bowsher and Plaintiff from August 3, 2023.  Defendant denies the remaining allegations contained in Paragraph 187.

188.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint, and therefore denies the same.

189.    Defendant denies that Mr. Bowsher's conduct or August 3, 2023, email constituted demeaning attacks.  Defendant further denies Plaintiff was rising towards the upper ranks of the professional world.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 189 of the Complaint, and therefore denies the same.

190.    Defendant admits that the contents of the August 3, 2023 email from Plaintiff to Mr. Bowsher sent at 1:59 p.m. EDT, are partially reflected in Paragraph 190 of the Complaint. Defendant denies that Paragraph 190 of the Complaint is a complete representation of the entire

email sent by Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 190 of the Complaint.

191.    Defendant admits that Plaintiff's 1:59 p.m. EDT email response included the language quoted in Paragraph 191 of the Complaint. Defendant denies that Paragraph 191 of the Complaint is a complete representation of the entire email sent by Plaintiff. Defendant denies the remaining allegations contained in Paragraph 191 of the Complaint.

192.    Defendant denies that Plaintiff forwarded the August 3, 2023, email correspondence to Mr. Schiff.  Defendant admits the remaining allegations contained in Paragraph 192 of the Complaint.

193.    Defendant denies the allegations contained in Paragraph 193 of the Complaint.

194.    Defendant admits that Mr. Iwashyna did not speak with Plaintiff about the August 3, 2023, email correspondence between Plaintiff and Mr. Bowsher. Defendant denies the remaining allegations contained in Paragraph 194 of the Complaint.

195.    Defendant denies the allegations contained in Paragraph 195 of the Complaint.

196.    Defendant denies the allegations contained in Paragraph 196 of the Complaint.

197.    Defendant admits that Plaintiff spoke with Ms. Crawford about Mr. Bowsher's August 3, 2023, email correspondence.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 197 of the Complaint, and therefore denies the same.

198.    Defendant admits the allegations contained in Paragraph 198 of the Complaint.

199.    Defendant admits that Plaintiff spoke with Mr. Tucker, a partner in the Richmond office, and communicated that she did not feel comfortable having Mr. Bowsher evaluate her work

as she believed it would result in a bad performance review.  Defendant denies the remaining allegations contained in Paragraph 199 of the Complaint.

200.    Defendant denies the allegations contained in Paragraph 200 of the Complaint.

201.    Defendant admits the allegations contained in Paragraph 201 of the Complaint.

202.    Defendant denies that the individuals with whom Plaintiff spoke disregarded her concerns.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 202 of the Complaint, and therefore denies the same.

203.    Defendant admits the allegations contained in Paragraph 203 of the Complaint.

204.    Defendant denies the allegations contained in Paragraph 204 of the Complaint.

205.    Defendant denies the allegations contained in Paragraph 205 of the Complaint.

206.    Defendant admits that at some point after Plaintiff's scheduled August 8, 2023. meeting with Ms. Jana, Ms. Jana told Plaintiff that she could reach out to Human Resources to discuss her concerns about Mr. Bowsher.  Defendant denies the remaining allegations contained in Paragraph 206 of the Complaint.

207.    Defendant denies the allegations contained in Paragraph 207 of the Complaint.

208.    Defendant denies the allegations contained in Paragraph 208 of the Complaint.

209.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the Complaint, and therefore denies the same.

210.    Defendant denies the allegations contained in Paragraph 210 of the Complaint.

211.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Complaint, and therefore denies the same.

212.    Defendant admits the allegations contained in Paragraph 212 of the Complaint.

213.    Defendant admits the allegations contained in Paragraph 213 of the Complaint.

214.    Defendant admits the allegations contained in Paragraph 214 of the Complaint.

215.    Defendant admits the allegations contained in Paragraph 215 of the Complaint.

216.    Defendant denies the allegations contained in Paragraph 216 of the Complaint.

217.    Defendant admits that Sona Spencer set up a meeting for Plaintiff with Mary Cabell Sulc, the MFH Practice Director, and Kalle Covert, the Director of Professional Development. Defendant denies the remaining allegations contained in Paragraph 217 of the Complaint.

218.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the Complaint, and therefore denies the same.

219.    Defendant admits that sometime in August 2023, Mr. Rivers stopped by Plaintiff's office and expressed concern when Plaintiff indicated that she was upset.  Defendant denies the remaining allegations contained in Paragraph 219 of the Complaint.

220.    Defendant denies the allegations contained in Paragraph 220 of the Complaint.

221.    Defendant denies the allegations contained in Paragraph 221 of the Complaint.

222.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the Complaint, and therefore denies the same.

223.    Defendant denies the allegations contained in Paragraph 223 of the Complaint.

224.    Defendant denies the allegations contained in Paragraph 224.

225.    Defendant admits that Plaintiff communicated to Mr. Rivers that she was not going to let Mr. Bowsher push her out of the firm.  Defendant denies the remaining allegations contained in Paragraph 225 of the Complaint.

226.    Defendant admits the allegations contained in Paragraph 226 of the Complaint.

227.    Defendant admits that on August 17, 2023, an invitation was sent to all of the Washington, D.C. attorneys and staff members for a "DEI town Hall" scheduled for August 22, 2023.  Defendant denies the remaining allegations contained in Paragraph 227 of the Complaint.

228.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 228 of the Complaint, and therefore denies the same.

229.    Defendant admits that on August 23, 2023, Ms. Johnson communicated to Plaintiff that the firm was investigating the allegations raised in Plaintiff's complaint about Mr. Bowsher's communications.  Defendant denies the remaining allegations contained in Paragraph 229 of the Complaint.

230.    Defendant admits that Plaintiff met with Ms. Johnson to share her concerns about Mr. Bowsher and provided Ms. Johnson some of the email correspondence between Plaintiff and Mr. Bowsher.  Defendant denies the remaining allegations contained in Paragraph 230 of the Complaint.

231.    Defendant admits that Ms. Johnson asked Plaintiff to minimize further conversations about the matter currently being investigated.  Defendant denies the remaining allegations contained in Paragraph 231 of the Complaint.

232.    Defendant denies the allegations contained in Paragraph 232 of the Complaint.

233.    Defendant denies that the examples cited in Paragraph 233 of the Complaint represent praise that Plaintiff received at the firm.  Defendant responds individually to each example cited as follows:

- Defendant admits that on August 25, 2023, Plaintiff met with Ms. Covert and Ms. Sulc.  Defendant further admits that Ms. Sulc told Plaintiff that she had been considered a rockstar in past years based on Plaintiff's responsiveness and

willingness to work hard, but that Plaintiff had not progressed with her class year and her reviews had declined each year, with multiple reviewers reporting that Plaintiff made many mistakes in her work.  Defendant further admits that Ms. Covert and Ms. Sulc mentioned concerns about Plaintiff's performance as reflected in Plaintiff's 2022 performance evaluations.  Defendant further admits that Plaintiff complained that she had not received training.  Defendant further admits that Ms. Covert and Ms. Sulc encouraged Plaintiff to spend time in the Richmond office, where Ms. Loughran and others with whom Plaintiff worked were located, to become more integrated and receive additional in-person training and mentoring. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's subjective belief or impressions of the discussions with Ms. Covert and Ms. Sulc, and therefore denies the same. Defendant further denies any remaining allegations contained in the first bullet of Paragraph 233 of the Complaint.

- Defendant admits the allegations contained in the second bullet of Paragraph 233 of the Complaint.

- Defendant admits that Plaintiff spoke with Jennifer Bojorquez, a partner in the Orange County, California office, in August of 2023 to discuss Plaintiff's desire to make partner at the firm.  Defendant further admits that in response to Plaintiff's stated desire to become a partner, Ms. Bojorquez mentioned developing a game plan.  Defendant further admits that Ms. Bojorquez did not specifically discuss Plaintiff's poor performance with Plaintiff during the identified conversation. Defendant denies the remaining allegations contained in the third bullet of

Paragraph 233 of the Complaint.

- Defendant admits that Plaintiff approached Ms. Crawford on or around August 28, 2023, indicating that she wanted to make partner.  Defendant further admits that Ms. Crawford responded to Plaintiff stating that she could see Plaintiff as a partner and worked on a roadmap highlighting issues Plaintiff should focus on going forward.  Defendant denies the remaining allegations contained in the fourth bullet of Paragraph 233 of the Complaint.

- Defendant admits that on August 31, 2023, Kate Haeffner, DEI Manager, emailed all of the DC attorneys who were members of the Black Attorney Affinity Group (including Plaintiff) asking if anyone would be available to attend the HBCU Pre-Law Honors Awards Ceremony on September 23, 2023, to accept the HBCU Outreach & Empowerment Supporter Award on the firm's behalf.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's subjective impression of the referenced email, and therefore denies the same.  Defendant denies the remaining allegations contained in the fifth bullet of Paragraph 233 of the Complaint.

234.    Defendant admits that on October 27, 2023, Ms. Johnson met with Plaintiff to discuss the firm's findings based on its investigation into her allegations about Mr. Bowsher. Defendant further admits that Ms. Johnson told Plaintiff that Mr. Bowsher's feedback was accurate based on the issues identified in the email correspondence, but there was an opportunity for improvement in the tone of Mr. Bowsher's communications.  Mr. Johnson also informed Plaintiff that there had been no finding that Mr. Bowsher's conduct or communications were racially biased. Defendant denies the remaining allegations contained in Paragraph 234 of the Complaint.

235.     Defendant denies the allegations contained in Paragraph 235 of the Complaint

236.     Defendant denies the allegation contained in Paragraph 236 of the Complaint.

237.     Defendant denies the allegation contained in Paragraph 237 of the Complaint.

238.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 of the Complaint, and therefore denies the same.

239.     Defendant admits the allegations contained in Paragraph 239 of the Complaint.

240.     Defendant denies the allegations contained in Paragraph 240 of the Complaint.

241.     Defendant admits Plaintiff spoke with one of its Legal Talent Recruiting Managers at the dinner on November 14, 2023.  Defendant denies the remaining allegations contained in Paragraph 241 of the Complaint.

242.     Defendant denies the allegations contained in Paragraph 242 of the Complaint.

243.     Defendant denies the allegations contained in Paragraph 243 of the Complaint.

244.     Defendant admits that on November 29, 2023, Ms. Covert emailed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 244 of the Complaint.

245.     Defendant admits that on November 29, 2023, Ms. Covert sent Plaintiff an email asking her to meet with Ms. Covert, Mr. Tucker, and Mr. Schiff at 1:30 p.m. that day.  Defendant denies the remaining allegations contained in Paragraph 245 of the Complaint.

246.     Defendant admits Plaintiff replied to Ms. Covert's November 29, 2023, email asking what the requested meeting was about.  Defendant denies the remaining allegations contained in Paragraph 246 of the Complaint.

247.     Defendant admits the allegations contained in Paragraph 247 of the Complaint.

248.     Defendant admits the allegations contained in Paragraph 248 of the Complaint.

249.    Defendant admits that Ms. Smith asked Plaintiff if she was on a Performance Improvement Plan, and Plaintiff responded that she was not on one.   Defendant denies the remaining allegations contained in Paragraph 249 of the Complaint.

250.    Defendant admits that Plaintiff went to Mr. Schiff's office to ask what the scheduled meeting was about, and that Mr. Schiff responded that it was best to wait to speak more at the 1:30 p.m. meeting. Defendant denies the remaining allegations contained in Paragraph 250 of the Complaint.

251.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 251 of the Complaint, and therefore denies the same.

252.    Defendant admits the allegations contained in Paragraph 252 of the Complaint.

253.    Defendant admits that Ms. Covert informed Plaintiff that the firm was terminating her employment.   Defendant denies the remaining allegations contained in Paragraph 253 of the Complaint.

254.    Defendant admits that during the meeting with Ms. Covert, Mr. Schiff, and Mr. Tucker, Mr. Schiff read from his prepared notes and made a statement that several partners had seen many errors in Plaintiff's work.   Defendant denies the remaining allegations contained in Paragraph 254 of the Complaint.

255.    Defendant admits the allegations contained in Paragraph 255 of the Complaint.

256.    Defendant admits that following the meeting, Plaintiff requested a copy of her 2023 performance evaluations.   Defendant denies the remaining allegations contained in Paragraph 256 of the Complaint.

257.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 of the Complaint, and therefore denies the same.

258.     Defendant admits that Plaintiff had not been placed on a Corrective Action Plan prior to her termination.  Defendant denies the remaining allegations contained in Paragraph 258 of the Complaint.

259.     Defendant denies the allegations contained in Paragraph 259 of the Complaint.

260.     Defendant denies the allegations contained in Paragraph 260 of the Complaint.

261.     Defendant denies the allegations contained in Paragraph 261 of the Complaint.

262.     Defendant admits the allegations contained in Paragraph 262 of the Complaint.

263.     Defendant admits that Ms. Loughran called Plaintiff and told Plaintiff that she had not been consulted by anyone regarding Plaintiff's employment termination.  Defendant denies the remaining allegations contained in Paragraph 263 of the Complaint.

264.     Defendant denies the allegations contained in Paragraph 264 of the Complaint.

265.     Defendant admits that Ms. Loughran went out on maternity leave in December 2023, and prior to knowing of Plaintiff's employment termination, Ms. Loughran had planned for Plaintiff to be the junior associate on deals that were assigned to Ms. Loughran while she was out on maternity leave.  Defendant denies the remaining allegations contained in Paragraph 265 of the Complaint.

266.     Defendant denies the allegations contained in Paragraph 266 of the Complaint.

267.     Defendant admits the allegations contained in Paragraph 267 of the Complaint.

268.     Defendant admits the allegations contained in Paragraph 268 of the Complaint.

269.     Defendant admits the allegations contained in Paragraph 269 of the Complaint.

270.     Defendant admits that neither Ms. Smith nor Ms. Loughran were involved in the decision to terminate Plaintiff's employment.   Defendant denies the remaining allegations contained in Paragraph 270 of the Complaint.

271.    Defendant denies the allegations contained in Paragraph 271 of the Complaint.

272.    Defendant admits that Plaintiff was given a copy of her 2023 performance evaluations on December 4, 2023.  Defendant denies the remaining allegations contained in Paragraph 272 of the Complaint.

273.    Defendant admits that at the time attorneys completed their evaluations of Plaintiff's 2023 performance in September 2023, they were not aware that Plaintiff's employment was going to be terminated. Defendant denies the remaining allegations contained in Paragraph 273 of the Complaint.

274.    Defendant admits that Plaintiff's 2023 performance evaluations discussed areas of needed improvement for Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 274 of the Complaint.

275.    Defendant admits that the quote contained in Paragraph 275 of the Complaint is an accurate representation of one of the comments Ms. Loughran made in Plaintiff's 2023 performance evaluation.  Defendant denies the remaining allegations contained in Paragraph 275 of the Complaint.

276.    Defendant denies the allegations contained in Paragraph 276 of the Complaint.

277.    Defendant denies the allegations contained in Paragraph 277 of the Complaint.

278.    Defendant denies the allegations contained in Paragraph 278 of the Complaint.

279.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 of the Complaint, and therefore denies the same.

280.    Defendant admits that Plaintiff accepted an award on behalf of the firm on September 23, 2023.  Defendant denies the remaining allegations contained in Paragraph 280 of the Complaint.

281.     Defendant admits that Plaintiff was never placed on a Corrective Action Plan. Defendant denies the remaining allegations contained in Paragraph 281 of the Complaint.

282.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282 of the Complaint, and therefore denies the same.

283.     Defendant denies the allegations contained in Paragraph 283 of the Complaint.

284.     Defendant denies the allegations contained in Paragraph 284 of the Complaint.

285.     Defendant denies the allegations contained in Paragraph 285 of the Complaint.

FIRST CAUSE OF ACTION
(Discrimination in Violation of § 1981)

286.     In response to Paragraph 286 of the Complaint, Defendant repeats and incorporates its enumerated responses to the allegations asserted in Paragraphs 1 through 285 of the Complaint.

287.     Defendant denies the allegations contained in Paragraph 287 of the Complaint.

288.     Defendant denies the allegations contained in Paragraph 288 of the Complaint.

289.     Defendant denies the allegations contained in Paragraph 289 of the Complaint.

290.     Defendant denies the allegations contained in Paragraph 290 of the Complaint.

291.     Defendant denies the allegations contained in Paragraph 291 of the Complaint.

SECOND CAUSE OF ACTION
(Retaliation in Violation of § 1981)

292.     In response to Paragraph 292 of the Complaint, Defendant repeats and incorporates its enumerated responses to the allegations asserted in Paragraphs 1 through 291 of the Complaint.

293.     Defendant denies the allegations contained in Paragraph 293 of the Complaint.

294.     Defendant denies the allegations contained in Paragraph 294 of the Complaint.

295.     Defendant denies the allegations contained in Paragraph 295 of the Complaint.

296.     Defendant denies the allegations contained in Paragraph 296 of the Complaint.

THIRD CAUSE OF ACTION
(Discrimination in Violation of DCHRA)

297.     In response to Paragraph 297 of the Complaint, Defendant repeats and incorporates its enumerated responses to the allegations asserted in Paragraphs 1 through 296 of the Complaint.

298.     Defendant denies the allegations contained in Paragraph 298 of the Complaint.

299.     Defendant denies the allegations contained in Paragraph 299 of the Complaint.

300.     Defendant denies the allegations contained in Paragraph 300 of the Complaint.

301.     Defendant denies the allegations contained in Paragraph 301 of the Complaint.

302.     Defendant denies the allegations contained in Paragraph 302 of the Complaint.

FOURTH CAUSE OF ACTION
(Retaliation in Violation of DCHRA)

303.     In response to Paragraph 303 of the Complaint, Defendant repeats and incorporates its enumerated responses to the allegations asserted in Paragraphs 1 through 302 of the Complaint.

304.     Defendant denies the allegations contained in Paragraph 304 of the Complaint.

305.     Defendant denies the allegations contained in Paragraph 305 of the Complaint.

306.     Defendant denies the allegations contained in Paragraph 306 of the Complaint.

307.     Defendant denies the allegations contained in Paragraph 307 of the Complaint.

PRAYER FOR RELIEF

Defendant admits only that Plaintiff purports to seek the relief requested in the "Prayer for Relief" clause on page 37 of the Complaint.  Defendant denies that Plaintiff is entitled to any of the requested relief and further denies that Plaintiff is entitled to any relief whatsoever.

JURY DEMAND

Defendant admits only that Plaintiff has requested a jury trial, but denies that any issue of fact exists for jury consideration.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

Defendant denies all of the allegations contained in the Complaint – including any allegations contained in headings or titles – that are not specifically admitted herein.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of proof that otherwise does not exist as a matter of law.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, ratification, estoppel, and/or unclean hands.

### FOURTH DEFENSE

Defendant's actions with respect to Plaintiff's employment were based on legitimate and non-discriminatory and non-pretextual business reasons and complied at all times with all applicable laws.

### FIFTH DEFENSE

Plaintiff's claims for damages are barred on the grounds that, even if any decision concerning Plaintiff's employment was based, in part, on unlawful grounds (which Defendant denies), the same action would have been taken in the absence of any impermissible motivating factor.

### SIXTH DEFENSE

Defendant acted at all times in good faith and consistently maintained, implemented, and enforced policies in the workplace prohibiting discrimination and retaliation.

## SEVENTH DEFENSE

Defendant has made good faith efforts to prevent discrimination and retaliation in its workplace, and thus, cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to its efforts to comply with any laws prohibiting discrimination or retaliation.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed outside the scope or course of employment and without Defendant's consent, knowledge, or ratification.

## NINTH DEFENSE

Plaintiff is not entitled to recover damages to the extent her alleged injuries were caused, in whole or in part, by her own negligent or willful actions or omissions.

## ELEVENTH DEFENSE

Without conceding that Plaintiff has suffered any damages because of any alleged unlawful conduct by Defendant, Defendant is entitled to offset any damages to the extent Plaintiff has failed to mitigate her damages.

## TWELFTH DEFENSE

Plaintiff cannot recover punitive damages because the alleged actions by Defendant were not taken with reckless disregard of the rights of Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff cannot recover punitive damages because, at all relevant times, Defendant made a good-faith effort to comply with federal law.

Defendant reserves the right to raise additional defenses as may be discovered during the

course of this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing herein, and Defendant have judgment for its costs and for such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: March 19, 2024

/s/ Alison N. Davis
Alison N. Davis, Bar No. 429700
andavis@littler.com
Paul J. Kennedy, Bar No. 428623
pkennedy@littler.com

LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC  20006.4046
Telephone:    202.842.3400
Facsimile:    202.842.0011

Attorneys for Defendant

40

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 19th day of March 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, which caused a copy of the same to be served upon:

Jeanne M. Christensen
Michael J. Willemin
Wigdor LLP
85 Fifth Ave., #5
New York, NY 10003

*Counsel for Plaintiff*


/s/ Alison N. Davis
Alison N. Davis