UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

GITA F. SANKANO,

                Plaintiff,

        v.

TROUTMAN PEPPER HAMILTON SANDERS LLP,

                Defendant.

Civ. Action No.: 1:24-CV-00142 (JMC)

---

## PARTY CONFERENCE REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, the Parties, through the respective undersigned counsel, submit the following as their Local Civil Rule 16.3 Joint Report.

Attendance:    Michael J. Willemin
                       Gabrielle Rosen Harvey (admission pending)
                       Counsel for Plaintiff

                       Paul Kennedy
                       Alison Davis
                       Morgan Kinney
                       Counsel for Defendant

A Zoom conference was conducted on April 9, 2024 at 3:30pm and the Parties discussed their positions concerning the topics identified in Local Civil Rule 16.3:

*1.  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion had already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

It is Plaintiff's position that this case is not susceptible to disposition short of a jury trial. Defendant anticipates filing a dispositive motion (summary judgment). Dispositive motions shall be filed on or before November 20, 2024.

*2.  The date by which any other parties shall be joined or the pleadings amended, and whether some or all factual and legal issues can be agreed upon or narrowed.*

It is Plaintiff's position that the Parties deadline to amend to join parties should be set for June 5, 2024. The basis for this position is that Plaintiff intends to amend to add additional parties (namely, the individuals responsible for her termination) upon receipt of Defendant's responses to Plaintiff's Interrogatories. If Plaintiff is not provided sufficient time to serve Interrogatories, receive responses and amend the Complaint, she will be forced to file a second action against individual defendants that would involve the same facts and circumstances as this one. In addition, Plaintiff intends to amend to add claims under Title VII of the Civil Rights Act of 1964. And Plaintiff's deadline to do so (based on the date of her receipt of the Right to Sue) is June 5, 2024. Finally, Plaintiff is confounded by Defendant's position, which is without explanation. If Defendant's position is adopted, Plaintiff will file a separate action naming additional defendants and adding a Title VII claim (which, by statute, she has 90 days to file). That will result in the litigation of two separate actions involving identical facts, which plainly makes no sense.

Defendant disagrees with the Plaintiff's position and believes any amendment to the Complaint should be made on or before May 16, 2024.

*3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The Parties do not consent to the assignment of a Magistrate Judge for all purposes. If it is the Court's preference, the Parties would consent to the assignment of a Magistrate Judge for discovery-related matters.

*4. Whether there is a realistic probability of settling the case.*

The Parties do not presently anticipate settlement.

*5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).*

The Parties agree that the case will not benefit from ADR at this time but will revisit the possibility of ADR as discovery progresses.

*6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

Defendant anticipates filing a motion for summary judgment. The Parties agree to the following dispositive briefing schedule:

| | |
|---|---|
| Dispositive Motions: | November 20, 2024 |
| Oppositions: | December 23, 2024 |
| Replies: | January 6, 2024 |

*7.   Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The Parties shall exchange initial disclosures on May 9, 2024.

*8.   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; weather a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

Discovery will be conducted concerning all claims and defenses and the limitations to discovery will be as provided for in the Federal Rules of Civil Procedure.  The Parties anticipate the necessity of a Protective Order and will submit a proposed Protective Order for the Court's consideration.  The Parties agree to the following:

Fact Discovery Cut-Off:            October 18, 2024

*9.   Any issues about disclosures, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

The Parties will meet and confer on appropriate search terms, custodians, and sources of documents and electronically stored information ("ESI") to ensure relevant and proportional discovery.  Any discovery disputes will be raised to the Court in a timely manner.
*10. Any issues about claims of privilege or of protection as trial-preparation materials, including-if the parties agree on a procedure to assert these claims after production-whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

Defendant anticipates that information relevant to the claims and defenses in this case will necessitate the assertion of attorney-client privilege and the attorney work product doctrine. Some of these issues may be addressed in a Protective Order. However, in camera review by the Court may be necessary in some cases.

*11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.*

The Parties agree to conduct expert discovery after a ruling on all dispositive motions and propose that the Court set a schedule for expert discovery after the resolution of any motion

*12. In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

*13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The Parties agree to bifurcate expert discovery as described above, but not trial.

*14. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The Parties agree that the date of a pretrial conference should be scheduled following the resolution of all dispositive motions filed with the Court.

*15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date be set at the pretrial conference from 30 to 60 days after that conference.*

The Court should set a firm trial date at the pretrial conference. Plaintiff requests that a trial date be set from 30 to 60 days after that conference, as is contemplated by the question. Defendant requests that a trial date be set at least 60 days after that initial pretrial conference.

Respectfully submitted,                                         April 18, 2024

_____                        /s/ Alison N. Davis\_\_\_\_\_
Michael J. Willemin                                              Alison Davis
Wigdor LLP                                                       Littler Mendelson P.C.
85 Fifth Avenue                                                  815 Connecticut Avenue NW, Suite 400
New York, NY 10003                                               Washington, DC 20006
Telephone: (212) 257-6800                                        Telephone: (202) 842-3400
Facsimile: (212) 257-6845                                        Fax: (212) 842-0011
mwillemin@wigdorlaw.com                                          andavis@littler.com
*Counsel for Plaintiff*                                          *Counsel for Defendant*