## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

**GITA F. SANKANO,**

      **Plaintiff,**

      **v.**

**TROUTMAN PEPPER HAMILTON SANDERS LLP and BRIAN IWASHYNA,**

      **Defendants.**

</td><td>

**Case No. 1:24-cv-00142**

</td></tr>
</table>

### DEFENDANT BRIAN IWASHYNA'S ANSWER TO AMENDED COMPLAINT

Defendant Brian Iwashyna ("Mr. Iwashyna"), by counsel, states as follows for his Answer to the Amended Complaint ("Amended Complaint") filed by Plaintiff Gita Sankano ("Plaintiff") on June 5, 2024, ECF 15:

### RESPONSES TO PARAGRAPHS IN THE AMENDED COMPLAINT

Mr. Iwashyna's responses to the separately numbered paragraphs of Plaintiff's Amended Complaint are based on his own personal knowledge or factual information provided or accessible to him in his roles as a partner at Troutman Pepper Hamilton Sanders LLP ("Troutman Pepper" or "the firm") and a former Practice Group Leader for the Multifamily Housing Finance ("MFH") Practice Group at Troutman Pepper.

### PRELIMINARY STATEMENT

1.      Mr. Iwashyna admits that Pepper Hamilton LLP merged with Troutman Sanders LLP, now Troutman Pepper Hamilton Sanders LLP. Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Amended Complaint, and therefore denies the same.

2.      Mr. Iwashyna admits that Troutman Pepper is committed to diversity, equity, and inclusion ("DEI") and that DEI is one of the firm's "core values."   Mr. Iwashyna denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.      Mr. Iwashyna admits that in June 2020, Troutman Pepper held a Town Hall meeting where members of its community were invited and encouraged to join together to stop and reflect on the racial injustices that persist in the United States, support those affected, and identify ways that the firm could contribute to promoting equality and justice.   Mr. Iwashyna denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4.      Mr. Iwashyna admits that Troutman Pepper's attorneys of various races and ethnicities are sometimes invited to events for Historically Black Colleges and Universities ("HBCUs") and other events celebrating diversity.  Mr. Iwashyna denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.      Mr. Iwashyna admits that Troutman Pepper aspires to provide an "equitable and inclusive environment" for its partners and employees.   Mr. Iwashyna denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6.       Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, and therefore denies the same.

7.      Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint, and therefore denies the same.

8.      Mr. Iwashyna denies that Plaintiff was subjected to constant discriminatory treatment by the partners for whom she worked.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Amended Complaint, and therefore denies the same.

9.      Mr. Iwashyna denies the allegations in Paragraph 9 of the Amended Complaint.

10.     Mr. Iwashyna admits that Plaintiff exchanged email correspondence with one of Troutman Pepper's partners, Matthew Bowsher, on August 3, 2023, and a portion of that email correspondence is depicted on pages 23 and 24 of the Amended Complaint.  Mr. Iwashyna denies the remaining allegations in Paragraph 10 of the Amended Complaint.

11.     Mr. Iwashyna denies the allegations in Paragraph 11 of the Amended Complaint.

12.     Mr. Iwashyna admits that Whitney Loughran requested to no longer work with Mr. Bowsher.  Mr. Iwashyna denies that Ms. Loughran communicated or expressed to him her belief that Mr. Bowsher had discriminated against her based on race.  Mr. Iwashyna denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13.     Mr. Iwashyna denies that Lindsey Crawford or Marshall Tucker are members of the firm's MFH Practice Group's leadership team.  Mr. Iwashyna admits the remaining allegations in Paragraph 13 of the Amended Complaint.

14.     Mr. Iwashyna denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint, and therefore denies the same.

16.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint, and therefore denies the same.

17.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint, and therefore denies the same.

18.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint, and therefore denies the same.

19.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore denies the same.

20.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint, and therefore denies the same.

21.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint, and therefore denies the same.

22.     Mr. Iwashyna admits that on November 29, 2023, Plaintiff was notified of the decision to terminate her employment.  Mr. Iwashyna admits that at the time attorneys completed their evaluations of Plaintiff's 2023 performance in September 2023, they were not aware that Plaintiff's employment was going to be terminated.  Mr. Iwashyna denies that the firm's records reflect that Plaintiff received above average performance reviews each and every review cycle during her employment with Troutman Pepper.  Mr. Iwashyna admits that the firm's records show that Plaintiff received a discretionary bonus at market rate for her associate year, plus an additional five percent in March 2022, and another discretionary bonus at market rate for her associate year in February 2023.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Amended Complaint, and therefore denies the same.

23.     Mr. Iwashyna admits that the MFH Practice Group's leadership did not consult Ms. Loughran (an associate at that time) regarding the decision to terminate Plaintiff's employment. Mr. Iwashyna further admits that Ms. Loughran was on maternity leave in December 2023.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Loughran had planned to have Plaintiff serve as the junior associate on new deals that

were assigned to Ms. Loughran while she was out on maternity leave, and therefore denies the same.  Mr. Iwashyna denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24.     Mr. Iwashyna admits that the MFH Practice Group's leadership did not provide Ashanté Smith, the DEI partner in the MFH Practice Group, advance notice of the decision to terminate Plaintiff's employment.  Mr. Iwashyna denies the remaining allegations in Paragraph 24 of the Amended Complaint.

25.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint, and therefore denies the same.

26.     Mr. Iwashyna admits that the firm's web page on DEI states, in part, that "diverse teams achieve better results…."  Mr. Iwashyna denies the remaining allegations in Paragraph 26 of the Amended Complaint.

27.     Mr. Iwashyna admits that Plaintiff has brought claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*. ("Title VII"), and the Washington D.C. Human Rights Act, D.C. Code §§ 2-1402.11 and 2-1402.61 ("DCHRA"), but denies that he engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  Mr. Iwashyna denies the remaining allegations in Paragraph 27 of the Amended Complaint.

JURISDICTION AND VENUE

28.     Mr. Iwashyna admits that Plaintiff invokes the jurisdiction of the Court pursuant to the statute cited in Paragraph 28 of the Amended Complaint.  Mr. Iwashyna further states that the existence of jurisdiction is a legal conclusion to which no response is required.  To the extent a response is necessary, Mr. Iwashyna admits that this Court has jurisdiction over the claims asserted

in the Amended Complaint, but denies that he engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

29.     Mr. Iwashyna admits that Plaintiff invokes the venue of the Court pursuant to the statute cited in Paragraph 29 of the Amended Complaint.  Mr. Iwashyna further states that the existence of venue is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Mr. Iwashyna admits that the District of Columbia is a proper venue for the claims asserted in the Amended Complaint, but denies that he engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

30.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint, and therefore denies the same.

## PARTIES

31.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint, and therefore denies the same.

32.     Mr. Iwashyna admits the allegations in Paragraph 32 of the Amended Complaint.

33.     Mr. Iwashyna admits that he is a partner at Troutman Pepper.  Mr. Iwashyna denies that he participated in any retaliation against Plaintiff and denies any remaining allegations in Paragraph 33 of the Amended Complaint.

## FACTUAL ALLEGATIONS

34.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint, and therefore denies the same.

35.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint, and therefore denies the same.

36.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint, and therefore denies the same.

37.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint, and therefore denies the same.

38.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint, and therefore denies the same.

39.     Mr. Iwashyna admits that Plaintiff was an associate in the Washington, D.C. office of Pepper Hamilton LLP, a predecessor of Troutman Pepper.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Amended Complaint, and therefore denies the same.

40.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint, and therefore denies the same.

41.     Mr. Iwashyna denies the allegations in Paragraph 41 of the Amended Complaint.

42.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint, and therefore denies the same.

43.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint, and therefore denies the same.

44.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Amended Complaint, and therefore denies the same.

45.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Amended Complaint, and therefore denies the same.

46.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Amended Complaint, and therefore denies the same.

47.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint, and therefore denies the same.

48.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint, and therefore denies the same.

49.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint, and therefore denies the same.

50.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint, and therefore denies the same.

51.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint, and therefore denies the same.

52.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint, and therefore denies the same.

53.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint, and therefore denies the same.

54.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint, and therefore denies the same.

55.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint, and therefore denies the same.

56.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint, and therefore denies the same.

57.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint, and therefore denies the same.

58.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint, and therefore denies the same.

59.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint, and therefore denies the same.

60.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint, and therefore denies the same.

61.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint, and therefore denies the same.

62.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint, and therefore denies the same.

63.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint, and therefore denies the same.

64.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint, and therefore denies the same.

65.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint, and therefore denies the same.

66.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint, and therefore denies the same.

67.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Amended Complaint, and therefore denies the same.

68.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint, and therefore denies the same.

69.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint, and therefore denies the same.

70.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint, and therefore denies the same.

71.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint, and therefore denies the same.

72.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Amended Complaint, and therefore denies the same.

73.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Amended Complaint, and therefore denies the same.

74.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Amended Complaint, and therefore denies the same.

75.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Amended Complaint, and therefore denies the same.

76.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Amended Complaint, and therefore denies the same.

77.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Amended Complaint, and therefore denies the same.

78.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Amended Complaint, and therefore denies the same.

79.     Mr. Iwashyna denies the allegations in Paragraph 79 of the Amended Complaint.

80.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Complaint, and therefore denies the same.

81.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Amended Complaint, and therefore denies the same.

82.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Amended Complaint, and therefore denies the same.

83.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Amended Complaint, and therefore denies the same.

84.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Amended Complaint, and therefore denies the same.

85.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Amended Complaint, and therefore denies the same.

86.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Amended Complaint, and therefore denies the same.

87.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Amended Complaint, and therefore denies the same.

88.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Amended Complaint, and therefore denies the same.

89.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Amended Complaint, and therefore denies the same.

90.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Amended Complaint, and therefore denies the same.

91.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Amended Complaint, and therefore denies the same.

92.     Mr. Iwashyna admits that in June 2020, Troutman Pepper held a Town Hall meeting where members of its community were invited and encouraged to join together to stop and reflect on the racial injustices that persist in the United States, support those affected, and identify ways that the firm could contribute to promoting equality and justice.   Mr. Iwashyna denies the remaining allegations in Paragraph 92 of the Amended Complaint.

93.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Amended Complaint, and therefore denies the same.

94.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Amended Complaint, and therefore denies the same.

95.     Mr. Iwashyna admits that Plaintiff asked to be placed in the MFH Practice Group following the firm's merger.  Mr. Iwashyna lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 of the Amended Complaint, and therefore denies the same.

96.     Mr. Iwashyna denies that placement in the MFH Practice Group guaranteed any associate would meet the firm's billable hours requirement.  Mr. Iwashyna lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 of the Amended Complaint, and therefore denies the same.

97.     Mr. Iwashyna denies the allegations in Paragraph 97 of the Amended Complaint.

98.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Amended Complaint, and therefore denies the same.

99.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Amended Complaint, and therefore denies the same.

100.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Amended Complaint, and therefore denies the same.

101.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Amended Complaint, and therefore denies the same.

102.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Amended Complaint, and therefore denies the same.

103.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Amended Complaint, and therefore denies the same.

104.      Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Amended Complaint, and therefore denies the same.

105.     Mr. Iwashyna denies the allegations in Paragraph 105 of the Amended Complaint.

106.     Mr. Iwashyna admits that Ms. Carmody emailed Plaintiff and copied him, Mr. Liu, and Ms. Wisotsky.  Mr. Iwashyna admits that he is a partner in the firm's Richmond office and previously served as the MFH Practice Group Leader.  Mr. Iwashyna denies the remaining allegations in Paragraph 106 of the Amended Complaint.

107.     Mr. Iwashyna denies the allegations in Paragraph 107 of the Amended Complaint.

108.     Mr. Iwashyna admits the allegations in Paragraph 108 of the Amended Complaint.

109.    Mr. Iwashyna admits that Plaintiff was assigned to the MFH Practice Group at the time of the merger in July 2020.  Mr. Iwashyna denies the remaining allegations in Paragraph 109 of the Amended Complaint.

110.    Mr. Iwashyna admits that Plaintiff worked in the Washington, D.C. office and that a significant portion of Plaintiff's work came from partners in the Richmond office and from Ms. Loughran, then a senior associate in the Richmond office.  Mr. Iwashyna denies the remaining allegations in Paragraph 110 of the Amended Complaint.

111.    Mr. Iwashyna admits that after the merger, Plaintiff was and remained the only Black woman attorney in the MFH Practice Group in the Washington, D.C. office.  Mr. Iwashyna denies the remaining allegations in Paragraph 111 of the Amended Complaint.

112.    Mr. Iwashyna denies the allegations in Paragraph 112 of the Amended Complaint.

113.    Mr. Iwashyna denies the allegations in Paragraph 113 of the Amended Complaint.

114.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Amended Complaint, and therefore denies the same.

115.    Mr. Iwashyna denies the allegations in Paragraph 115 of the Amended Complaint.

116.    Mr. Iwashyna denies that Nora Nickel was the only Professional Development Partner in the MFH group, but admits the remaining allegations in Paragraph 116 of the Amended Complaint.

117.    Mr. Iwashyna admits that on many Sundays between October 2020 and December 2021, Plaintiff would send Ms. Nickel and Mr. Iwashyna a list of the assignments she had completed the week prior and the partners with whom she had worked.  Mr. Iwashyna denies the remaining allegations in Paragraph 117 of the Amended Complaint.

118.    Mr. Iwashyna admits that Ms. Nickel and Mr. Iwashyna would occasionally respond to Plaintiff's weekly updates with positive comments about the number of hours Plaintiff worked.   Mr. Iwashyna denies the remaining allegations in Paragraph 118 of the Amended Complaint.

119.    Mr. Iwashyna admits that the firm's records reflect that the quotes in the bulleted list under Paragraph 119 of the Amended Complaint are accurate representations of some of the comments made by Nora Nickel, Virginia Stitzer, Peter Strup, Henry Liu, Andrew Rogoff, and David Wormser in Plaintiff's 2020 performance evaluations.   Mr. Iwashyna denies that the comments included in Paragraph 119 of the Amended Complaint are complete or representative of all the comments or feedback Plaintiff received in her 2020 performance evaluations.

120.    Mr. Iwashyna admits that the firm's records reflect that the quotes in the bulleted list under Paragraph 120 of the Amended Complaint are accurate representations of some of the comments made by Lindsey Crawford, Kevin Dexter, Whitney Loughran, Kassem Lucas, Kelly Mufarrige, Nora Nickle, S.R. Sidarth, and Marshall Tucker in Plaintiff's 2021 performance evaluations. Mr. Iwashyna denies that the comments included in Paragraph 120 of the Amended Complaint are complete or representative of all the comments or feedback Plaintiff received in her 2021 performance evaluations.   Mr. Iwashyna denies that Plaintiff was performing exceptional work in 2021.

121.    Mr. Iwashyna admits that the firm's records show that Plaintiff recorded 2,301 hours in the firm's timekeeping system in 2021.   Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 121 of the Amended Complaint, and therefore denies the same.

122.    Mr. Iwashyna admits that the firm's records reflect that on March 1, 2022, Plaintiff received the lockstep pay increase for an associate at Plaintiff's year and a discretionary bonus of $32,500, which was the market bonus rate for Plaintiff's associate year plus an additional five percent.  Mr. Iwashyna admits that the firm's records reflect that on July 7, 2021, and December 31, 2021, Plaintiff received a bonus of $6,000.00 and $10,000.00, respectively.  Mr. Iwashyna further admits that to be eligible for the two bonuses paid in 2021, an associate would need to bill 1950 annualized hours, inclusive of client billable work, legal work for the firm, and up to 100 pro bono hours.  Mr. Iwashyna denies the remaining allegations in Paragraph 122 of the Amended Complaint.

123.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Amended Complaint, and therefore denies the same.

124.    Mr. Iwashyna denies the allegations in Paragraph 124 of the Amended Complaint.

125.    Mr. Iwashyna admits that in May of 2022, David McPherson formally announced his retirement from the firm.  Mr. Iwashyna denies the remaining allegations in Paragraph 125 of the Amended Complaint.

126.    Mr. Iwashyna denies the allegations in Paragraph 126 of the Amended Complaint.

127.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Amended Complaint, and therefore denies the same.

128.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Amended Complaint, and therefore denies the same.

129.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Amended Complaint, and therefore denies the same.

130.     Mr. Iwashyna admits that as part of certain deals, some loan documents need to be notarized and recorded.  Mr. Iwashyna denies the remaining allegations in Paragraph 130 of the Amended Complaint.

131.     Mr. Iwashyna admits that it is standard practice in the MFH Practice Group that loan documents needing notarization customarily have a "signature block" for the client to sign and a "notary panel" for the notarization on the same page of the loan documents.  Mr. Iwashyna denies any remaining allegations in Paragraph 131 of the Amended Complaint.

132.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint, and therefore denies the same.

133.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Amended Complaint, and therefore denies the same.

134.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Amended Complaint, and therefore denies the same.

135.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Amended Complaint, and therefore denies the same.

136.     Mr. Iwashyna lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Amended Complaint, and therefore denies the same.

137.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Amended Complaint, and therefore denies the same.

138.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Amended Complaint, and therefore denies the same.

139.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Amended Complaint, and therefore denies the same.

140.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Amended Complaint, and therefore denies the same.

141.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Amended Complaint, and therefore denies the same.

142.     Mr. Iwashyna lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Amended Complaint, and therefore denies the same.

143.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Amended Complaint, and therefore denies the same.

144.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Amended Complaint, and therefore denies the same.

145.    Mr. Iwashyna admits that a significant portion of Plaintiff's work came from Ms. Loughran, then a senior associate in the Richmond office.  Mr. Iwashyna denies the remaining allegations in Paragraph 145 of the Amended Complaint.

146.    Mr. Iwashyna admits that he told Ms. Loughran that he had received complaints about Plaintiff's work, but denies that he identified Mr. Bowsher as the complainant.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 of the Amended Complaint, and therefore denies the same.

147.    Mr. Iwashyna admits that Ms. Loughran told him that Plaintiff's mistakes were not unusual.  Mr. Iwashyna denies the remaining allegations in Paragraph 147 of the Amended Complaint.

148.    Mr. Iwashyna admits that Ms. Loughran told him that she believed it would be more efficient for the individuals with complaints about Plaintiff's work to speak directly with Plaintiff about their concerns.  Mr. Iwashyna denies the remaining allegations in Paragraph 148 of the Amended Complaint.

149.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Amended Complaint, and therefore denies the same.

150.    Mr. Iwashyna admits that Ms. Loughran had informed him that she no longer wished to work with Mr. Bowsher.  Mr. Iwashyna denies that Ms. Loughran ever informed him that she believed Mr. Bowsher was discriminating against her or that her decision to no longer work with Mr. Bowsher was based on her belief that Mr. Bowsher discriminated against her because of her sex or race.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150 of the Amended Complaint, and therefore denies the same.

151.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Amended Complaint, and therefore denies the same.

152.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 152 of the Amended Complaint, and therefore denies the same.

153.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Amended Complaint, and therefore denies the same.

154.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Amended Complaint, and therefore denies the same.

155.    Mr. Iwashyna denies the allegations in Paragraph 155 of the Amended Complaint.

156.    Mr. Iwashyna denies the allegations in Paragraph 156 of the Amended Complaint.

157.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Amended Complaint, and therefore denies the same.

158.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Amended Complaint, and therefore denies the same.

159.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Amended Complaint, and therefore denies the same.

160.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Amended Complaint, and therefore denies the same.

161.      Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Amended Complaint, and therefore denies the same.

162.     Mr. Iwashyna denies that Plaintiff faced growing hostility from partners at the firm. Mr. Iwashyna admits that the firm's records show that Plaintiff recorded 2,204 hours in the firm's timekeeping system in 2022.  Mr. Iwashyna denies the remaining allegations in Paragraph 162 of the Amended Complaint.

163.     Mr. Iwashyna admits that associates, like Plaintiff, received their 2022 annual performance reviews in February 2023.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 of the Amended Complaint, and therefore denies the same.

164.     Mr. Iwashyna denies the allegations in Paragraph 164 of the Amended Complaint, and therefore denies the same.

165.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Amended Complaint, and therefore denies the same.

166.    Mr. Iwashyna admits that the firm's records show that Mr. Bowsher's comments in Plaintiff's 2022 review stated that for "a 2019 grad" Mr. Bowsher would "like to see more attention to detail" and "for a 2019 grad" he would also like to see Plaintiff "improve on reducing the number of mistakes which could easily be prevented by paying more attention to detail, giving more careful though to responses and analysis."  Mr. Iwashyna further admits that Mr. Bowsher's comments in Plaintiff's 2022 review stated that Plaintiff was at "a level of experience where more is expected than merely pushing things forward."  Mr. Iwashyna denies any remaining allegations in Paragraph 166 of the Amended Complaint.

167.    Mr. Iwashyna denies the allegations in Paragraph 167 of the Amended Complaint.

168.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Amended Complaint, and therefore denies the same.

169.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Amended Complaint, and therefore denies the same.

170.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Amended Complaint, and therefore denies the same.

171.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Amended Complaint, and therefore denies the same.

172.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Amended Complaint, and therefore denies the same.

173.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Amended Complaint, and therefore denies the same.

174.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Amended Complaint, and therefore denies the same.

175.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Amended Complaint, and therefore denies the same.

176.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Amended Complaint, and therefore denies the same.

177.    Mr. Iwashyna admits that the firm's records show that in February 2023 Plaintiff received a discretionary bonus at the market rate for Plaintiff's associate level in the amount of $57,000.  Mr. Iwashyna further admits that the firm's records show that Plaintiff received a lockstep salary increase commensurate with Plaintiff's associate level in 2023.  Mr. Iwashyna denies the remaining allegations in Paragraph 177 of the Amended Complaint.

178.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Amended Complaint, and therefore denies the same.

179.     The document referenced and quoted in Paragraph 179 of the Amended Complaint speaks for itself.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179 of the Amended Complaint, and therefore denies the same.

180.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Amended Complaint, and therefore denies the same.

181.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Amended Complaint, and therefore denies the same.

182.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Amended Complaint, and therefore denies the same.

183.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Amended Complaint, and therefore denies the same.

184.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Amended Complaint, and therefore denies the same.

185.    The document referenced in Paragraph 185 of the Amended Complaint speaks for itself.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185 of the Amended Complaint, and therefore denies the same.

186.    Mr. Iwashyna lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Amended Complaint, and therefore denies the same.

187.    The document referenced in Paragraph 187 of the Amended Complaint speaks for itself.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Amended Complaint, and therefore denies the same.

188.    Mr. Iwashyna admits that on August 3, 2023, at 11:28 a.m. EDT, Mr. Bowsher emailed Plaintiff stating "You are confused.  Kelly is not to be the sole 100% matter responsible attorney.  Per your original request, and per the other matters you've previously opened for me and Kelly, it should be 30% Kelly and 70% Matt."  Mr. Iwashyna further admits that Mr. Bowsher sent another email at 12:44 p.m. EDT that same day, the contents of which are accurately reflected in Paragraph 189 of the Amended Complaint.  Mr. Iwashyna denies the remaining allegations in Paragraph 188 of the Amended Complaint.

189.    Mr. Iwashyna admits that the contents of the August 3, 2023, email from Mr. Bowsher to Plaintiff sent at 12:44 p.m. EDT, are partially reflected in Paragraph 189 of the Amended Complaint.  Mr. Iwashyna denies that Paragraph 189 of the Amended Complaint is a complete representation of the entire email correspondence between Mr. Bowsher and Plaintiff

from August 3, 2023.  Mr. Iwashyna denies the remaining allegations in Paragraph 189 of the Amended Complaint.

190.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Amended Complaint, and therefore denies the same.

191.    Mr. Iwashyna denies that Mr. Bowsher's conduct or August 3, 2023, email constituted demeaning attacks.  Mr. Iwashyna further denies Plaintiff was rising towards the upper ranks of the professional world.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191 of the Amended Complaint, and therefore denies the same.

192.    Mr. Iwashyna admits that the contents of the August 3, 2023, email from Plaintiff to Mr. Bowsher sent at 1:59 p.m. EDT, are partially reflected in Paragraph 192 of the Amended Complaint.  Mr. Iwashyna denies that Paragraph 192 of the Amended Complaint is a complete representation of the entire email sent by Plaintiff.

193.    Mr. Iwashyna admits that Plaintiff's 1:59 p.m. EDT email response included the language quoted in Paragraph 193 of the Amended Complaint.  Mr. Iwashyna denies that Paragraph 193 of the Amended Complaint is a complete representation of the entire email sent by Plaintiff.

194.    Mr. Iwashyna admits that Plaintiff forwarded the August 3, 2023, email correspondence to him, Ms. Nickel, Ms. Crawford, and Mr. Tucker, but denies that all of them were MFH Practice Group leaders.  Mr. Iwashyna denies that Plaintiff forwarded a copy to Mr. Schiff.

195.    Mr. Iwashyna denies the allegations in Paragraph 195 of the Amended Complaint.

196.     Mr. Iwashyna admits that he did not speak with Plaintiff about the August 3, 2023, email correspondence between Plaintiff and Mr. Bowsher.  Mr. Iwashyna denies the remaining allegations in Paragraph 196 of the Amended Complaint.

197.     Mr. Iwashyna denies that any partner sidelined Plaintiff's concerns.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197 of the Amended Complaint, and therefore denies the same.

198.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Amended Complaint, and therefore denies the same.

199.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Amended Complaint, and therefore denies the same.

200.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Amended Complaint, and therefore denies the same.

201.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Amended Complaint, and therefore denies the same.

202.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Amended Complaint, and therefore denies the same.

203.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the Amended Complaint, and therefore denies the same.

204.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Amended Complaint, and therefore denies the same.

205.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Amended Complaint, and therefore denies the same.

206.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Amended Complaint, and therefore denies the same.

207.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 of the Amended Complaint, and therefore denies the same.

208.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Amended Complaint, and therefore denies the same.

209.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Amended Complaint, and therefore denies the same.

210.    Mr. Iwashyna denies the allegations in Paragraph 210 of the Amended Complaint.

211.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Amended Complaint, and therefore denies the same.

212.    Mr. Iwashyna denies the allegations in Paragraph 212 of the Amended Complaint.

213.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Amended Complaint, and therefore denies the same.

214.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Amended Complaint, and therefore denies the same.

215.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 of the Amended Complaint, and therefore denies the same.

216.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 of the Amended Complaint, and therefore denies the same.

217.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Amended Complaint, and therefore denies the same.

218.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Amended Complaint, and therefore denies the same.

219.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Amended Complaint, and therefore denies the same.

220.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Amended Complaint, and therefore denies the same.

221.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the Amended Complaint, and therefore denies the same.

222.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the Amended Complaint, and therefore denies the same.

223.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Amended Complaint, and therefore denies the same.

224.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Amended Complaint, and therefore denies the same.

225.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Amended Complaint, and therefore denies the same.

226.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Amended Complaint, and therefore denies the same.

227.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 of the Amended Complaint, and therefore denies the same.

228.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Amended Complaint, and therefore denies the same.

229.     Mr. Iwashyna admits that on August 17, 2023, an invitation was sent to all of the firm's Washington, D.C. attorneys and staff members for a "DEI town Hall" scheduled on August 22, 2023.  Mr. Iwashyna denies any remaining allegations in Paragraph 229 of the Amended Complaint.

230.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 of the Amended Complaint, and therefore denies the same.

231.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Amended Complaint, and therefore denies the same.

232.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 of the Amended Complaint, and therefore denies the same.

233.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Amended Complaint, and therefore denies the same.

234.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Amended Complaint, and therefore denies the same.

235.     Mr. Iwashyna denies that the examples cited in Paragraph 235 of the Amended Complaint represent praise that Plaintiff received at the firm.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the bullet points in Paragraph 235 of the Amended Complaint, and therefore denies the same.

236.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 of the Amended Complaint, and therefore denies the same.

237.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Amended Complaint, and therefore denies the same.

238.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 238 of the Amended Complaint, and therefore denies the same.

239.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 239 of the Amended Complaint, and therefore denies the same.

240.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Amended Complaint, and therefore denies the same.

241.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Amended Complaint, and therefore denies the same.

242.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 of the Amended Complaint, and therefore denies the same.

243.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 of the Amended Complaint, and therefore denies the same.

244.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 of the Amended Complaint, and therefore denies the same.

245.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 of the Amended Complaint, and therefore denies the same.

246.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 of the Amended Complaint, and therefore denies the same.

247.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 of the Amended Complaint, and therefore denies the same.

248.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Amended Complaint, and therefore denies the same.

249.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 of the Amended Complaint, and therefore denies the same.

250.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 of the Amended Complaint, and therefore denies the same.

251.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 of the Amended Complaint, and therefore denies the same.

252.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 of the Amended Complaint, and therefore denies the same.

253.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 253 of the Amended Complaint, and therefore denies the same.

254.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 of the Amended Complaint, and therefore denies the same.

255.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 of the Amended Complaint, and therefore denies the same.

256.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 of the Amended Complaint, and therefore denies the same.

257.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 of the Amended Complaint, and therefore denies the same.

258.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 of the Amended Complaint, and therefore denies the same.

259.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 of the Amended Complaint, and therefore denies the same.

260.     Mr. Iwashyna admits that Plaintiff had not been placed on a Corrective Action Plan prior to the firm's termination of her employment.  Mr. Iwashyna denies the remaining allegations in Paragraph 260 of the Amended Complaint.

261.     Mr. Iwashyna denies the allegations in Paragraph 261 of the Amended Complaint.

262.     Mr. Iwashyna denies the allegations in Paragraph 262 of the Amended Complaint.

263.     Mr. Iwashyna denies the allegations in Paragraph 263 of the Amended Complaint.

264.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 of the Amended Complaint, and therefore denies the same.

265.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 of the Amended Complaint, and therefore denies the same.

266.     Mr. Iwashyna denies the allegations in Paragraph 266 of the Amended Complaint.

267.     Mr. Iwashyna admits that Ms. Loughran went out on maternity leave in December 2023.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 267 of the Amended Complaint, and therefore denies the same.

268.     Mr. Iwashyna denies the allegations in Paragraph 268 of the Amended Complaint.

269.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 of the Amended Complaint, and therefore denies the same.

270.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 of the Amended Complaint, and therefore denies the same.

271.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 of the Amended Complaint, and therefore denies the same.

272.    Mr. Iwashyna admits that neither Ms. Smith nor Ms. Loughran were involved in the decision to terminate Plaintiff's employment.  Mr. Iwashyna denies the remaining allegations in Paragraph 272 of the Amended Complaint.

273.    Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 of the Amended Complaint, and therefore denies the same.

274.    Mr. Iwashyna admits that Plaintiff's employment was terminated based on her performance.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 274 of the Amended Complaint, and therefore denies the same.

275.    Mr. Iwashyna admits that at the time attorneys completed their evaluations of Plaintiff's 2023 performance in September 2023, they were not aware that Plaintiff's employment was going to be terminated.  Mr. Iwashyna denies the remaining allegations in Paragraph 275 of the Amended Complaint.

276.    Mr. Iwashyna admits that the firm's records show that Plaintiff's 2023 performance evaluations discussed areas of needed improvement for Plaintiff.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 276 of the Amended Complaint, and therefore denies the same.

277.    Mr. Iwashyna admits that the quote in Paragraph 277 of the Amended Complaint is an accurate representation of one of the comments Ms. Loughran made in Plaintiff's 2023 performance evaluation.  Mr. Iwashyna denies any remaining allegations in Paragraph 277 of the Amended Complaint.

278.    Mr. Iwashyna denies the allegations in Paragraph 278 of the Amended Complaint.

279.     Mr. Iwashyna denies the allegations in Paragraph 279 of the Amended Complaint.

280.     Mr. Iwashyna denies the allegations in Paragraph 280 of the Amended Complaint.

281.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 of the Amended Complaint, and therefore denies the same.

282.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 of the Amended Complaint, and therefore denies the same.

283.     Mr. Iwashyna admits Plaintiff was never put on a Corrective Action Plan prior to termination of her employment.  Mr. Iwashyna denies the remaining allegations in Paragraph 283 of the Amended Complaint.

284.     Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 of the Amended Complaint, and therefore denies the same.

285.     Mr. Iwashyna denies the allegations in Paragraph 285 of the Amended Complaint.

286.     Mr. Iwashyna admits that on November 29, 2023, Plaintiff was notified of the decision to terminate her employment.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 286 of the Amended Complaint, and therefore denies the same.

287.     Mr. Iwashyna denies the allegations in Paragraph 287 of the Amended Complaint.

288.     Mr. Iwashyna admits the allegations in Paragraph 288 of the Amended Complaint

289.     Mr. Iwashyna admits that he was aware of Plaintiff's complaint to HR regarding Mr. Bowsher prior to the time he made the final decision to terminate Plaintiff's employment, but

38

denies that the HR complaint was a basis for his termination decision. Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the truth of whether Mr. Tucker or Mr. Schiff were aware of Plaintiff's complaint to HR, and therefore denies the same. Mr. Iwashyna admits that Mr. Tucker and Mr. Schiff were involved in the decision to terminate Plaintiff, but denies that they discussed the HR complaint as part of the termination process. Mr. Iwashyna denies the remaining allegations in Paragraph 289 of the Amended Complaint.

290. Mr. Iwashyna denies the allegations in Paragraph 290 of the Amended Complaint.

291. Mr. Iwashyna denies the allegations in Paragraph 291 of the Amended Complaint.

292. Mr. Iwashyna denies Plaintiff's characterization of the examples cited in Paragraph 292 of the Amended Complaint as praise that Plaintiff received from him regarding the quality of her work or her overall performance in the MFH Practice Group. Mr. Iwashyna responds individually to each example cited as follows:

- Mr. Iwashyna admits that on October 2, 2020, Plaintiff exchanged email correspondence with him, and a portion of that email correspondence is depicted under the first bullet of Paragraph 292 of the Amended Complaint. Mr. Iwashyna denies that he stated that he was impressed with Plaintiff's billable hours and how quickly she was learning Freddie Mac and Fannie Mae loans. Mr. Iwashyna denies any remaining allegations in the first bullet of Paragraph 292 of the Amended Complaint.

- Mr. Iwashyna admits that on many Sundays between October 2020 and December 2021, Plaintiff would send Ms. Nickel and him a list of the assignments she had completed the week prior and the partners with whom she had worked. Mr. Iwashyna further admits that he and Ms. Nickel would occasionally respond to

Plaintiff's weekly updates with positive comments about the number of hours Plaintiff worked. Mr. Iwashyna denies the remaining allegations in the second bullet of Paragraph 292 of the Amended Complaint.

- Mr. Iwashyna admits that he exchanged emails with Plaintiff, but denies that the emails depicted on page 36 under the third bullet of Paragraph 292 of the Amended Complaint are examples of him consistently telling Plaintiff that she was an outstanding employee and her approach in becoming successful in the MFH Practice Group was the correct approach. Mr. Iwashyna denies any remaining allegations in the third bullet of Paragraph 292 of the Amended Complaint.

- Mr. Iwashyna admits that on June 9, 2022, the MFH Practice Group had a team building event at River City Roll in Richmond, Virginia.  Mr. Iwashyna denies the remaining allegations in the fourth bullet of Paragraph 292 of the Amended Complaint.

- Mr. Iwashyna admits that he visited the firm's Washington, D.C. office on August 9, 2022, and likely stopped by Plaintiff's office during that visit.  Mr. Iwashyna denies the remaining allegations in the fifth bullet of Paragraph 292 of the Amended Complaint.

-  Mr. Iwashyna admits that he visited the firm's Washington, D.C. office on May 16, 2023, and likely stopped by Plaintiff's office during that visit. Mr. Iwashyna admits that at some point in 2023, Plaintiff likely discussed with him the MFH Practice Group's decreased workload in light of the high interest rates.  Mr. Iwashyna further admits that in 2023, and other times during Plaintiff's employment at Troutman Pepper, as the MFH Practice Group Leader, he discussed

with Plaintiff her workload, billable hours, and/or whether she had enough work. Mr. Iwashyna further admits that in his role as the MFH Practice Group Leader, he made an effort to identify multiple partners to whom Plaintiff could reach out for work.   Mr. Iwashyna denies the remaining allegations in the sixth bullet of Paragraph 292 of the Amended Complaint.

- Mr. Iwashyna admits that on June 22, 2023, some attorneys from the MFH Practice Group attended a Fannie Mae Legal Issues Forum.  Mr. Iwashyna lacks knowledge or information sufficient to form a belief as to the length of time Plaintiff attended a happy hour following the Forum, and therefore denies allegations regarding the same.  Mr. Iwashyna admits that during Plaintiff's employment he told Plaintiff that he wanted to help her be successful at the firm in any way that he could. Mr. Iwashyna denies the remaining allegations in the seventh bullet of Paragraph 292 of the Amended Complaint.

- Mr. Iwashyna admits that the email depicted on page 37 under the eighth bullet of Paragraph 292 of the Amended Complaint is an accurate representation of an email he sent to Plaintiff in July 2023, but denies that the email represents praise regarding high billable hours.  Mr. Iwashyna denies any remaining allegations in the eighth bullet of Paragraph 292 of the Amended Complaint.

293.    Mr. Iwashyna admits that on August 3, 2023, Plaintiff forwarded him an email from Mr. Bowsher, but denies that the email was dehumanizing. Mr. Iwashyna denies the remaining allegations in Paragraph 293 of the Amended Complaint.

294.    Mr. Iwashyna admits that he did not respond to Plaintiff's August 3, 2023, email or speak with Plaintiff about the August 3, 2023, email correspondence between Plaintiff and Mr.

Bowsher.  Mr. Iwashyna denies the remaining allegations in Paragraph 294 of the Amended Complaint.

295.    Mr. Iwashyna denies the allegations in Paragraph 295 of the Amended Complaint.

## FIRST CAUSE OF ACTION
(Discrimination in Violation of §1981, Against the Firm)

296.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 296.

297.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 297.

298.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 298.

299.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 299.

300.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 300.

301.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 301.

## SECOND CAUSE OF ACTION
(Retaliation in Violation of §1981, Against Both Defendants)

302.    In response to Paragraph 302 of the Amended Complaint, Mr. Iwashyna repeats and incorporates his enumerated responses to the allegations asserted in Paragraphs 1 through 301 of the Amended Complaint.

303.    Mr. Iwashyna denies the allegations in Paragraph 303 of the Amended Complaint.

304.    Mr. Iwashyna denies the allegations in Paragraph 304 of the Amended Complaint.

305.    Mr. Iwashyna denies the allegations in Paragraph 305 of the Amended Complaint.

306.    Mr. Iwashyna denies the allegations in Paragraph 306 of the Amended Complaint.

## THIRD CAUSE OF ACTION
(Discrimination in Violation of DCHRA, Against the Firm)

307.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 307.

308.    Mr. Iwashyna is not required to respond to the allegations in Paragraph 308.

309.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 309.

310.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 310.

311.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 311.

312.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 312.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of DCHRA, Against Both Defendants)

313.   In response to Paragraph 313 of the Amended Complaint, Mr. Iwashyna repeats and incorporates his enumerated responses to the allegations asserted in Paragraphs 1 through 312 of the Amended Complaint.

314.   Mr. Iwashyna denies the allegations in Paragraph 314 of the Amended Complaint.

315.   Mr. Iwashyna denies the allegations in Paragraph 315 of the Amended Complaint.

316.   Mr. Iwashyna denies the allegations in Paragraph 316 of the Amended Complaint.

317.   Mr. Iwashyna denies the allegations in Paragraph 317 of the Amended Complaint.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of Title VII, Against the Firm)

318.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 318.

319.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 319.

320.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 320.

321.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 321

322.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 322.

323.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 323.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII, Against the Firm)

324.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 324.

325.   Mr. Iwashyna is not required to respond to the allegations in Paragraph 325.

326.     Mr. Iwashyna is not required to respond to the allegations in Paragraph 326.

327.     Mr. Iwashyna is not required to respond to the allegations in Paragraph 327.

328.     Mr. Iwashyna is not required to respond to the allegations in Paragraph 328.

## PRAYER FOR RELIEF

Mr. Iwashyna admits only that Plaintiff purports to seek the relief requested in the "Prayer for Relief" clause on pages 42 through 43 of the Amended Complaint.  Mr. Iwashyna denies that Plaintiff is entitled to any of the requested relief and further denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Mr. Iwashyna admits only that Plaintiff has requested a jury trial, but denies that any issue of fact exists for jury consideration.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

Mr. Iwashyna denies all of the allegations in the Amended Complaint – including any allegations in headings or titles – that are not specifically admitted herein.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Mr. Iwashyna asserts the following affirmative and other defenses without assuming any burden of proof that otherwise does not exist as a matter of law.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, ratification, estoppel, and/or unclean hands.

<u>FOURTH DEFENSE</u>

Mr. Iwashyna's actions with respect to Plaintiff's employment were based on legitimate and non-discriminatory and non-pretextual business reasons and complied at all times with all applicable laws.

<u>FIFTH DEFENSE</u>

Plaintiff's claims for damages are barred on the grounds that, even if any decision concerning Plaintiff's employment was based, in part, on unlawful grounds (which Mr. Iwashyna denies), the same action would have been taken in the absence of any impermissible motivating factor.

<u>SIXTH DEFENSE</u>

Plaintiff is not entitled to recover damages to the extent her alleged injuries were caused, in whole or in part, by her own negligent or willful actions or omissions.

<u>SEVENTH DEFENSE</u>

Without conceding that Plaintiff has suffered any damages because of any alleged unlawful conduct by Mr. Iwashyna, Mr. Iwashyna is entitled to offset any damages to the extent Plaintiff has failed to mitigate her damages.

<u>EIGHTH DEFENSE</u>

Plaintiff cannot recover punitive damages because the alleged actions by Mr. Iwashyna were not taken with reckless disregard of the rights of Plaintiff.

<u>NINTH DEFENSE</u>

Plaintiff cannot recover punitive damages because, at all relevant times, Mr. Iwashyna made a good-faith effort to comply with federal law.

Mr. Iwashyna reserves the right to raise additional defenses as may be discovered during the course of litigation.

45

WHEREFORE, PREMISES CONSIDERED, Mr. Iwashyna prays that Plaintiff take nothing herein, and Mr. Iwashyna has judgment for his costs and for such other and further relief, at law or in equity, to which he may be justly entitled.

Dated: August 6, 2024

/s/ Alison N. Davis
Alison N. Davis, Bar No. 429700
andavis@littler.com
Paul J. Kennedy, Bar No. 428623
pkennedy@littler.com
Morgan Kinney, Bar No. 8888325169
mkinney@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC  20006.4046
Telephone:   202.842.3400
Facsimile:    202.842.0011

*Attorneys for Defendants Troutman Pepper Hamilton Sanders LLP and Brian Iwashyna*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 6th day of August 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, which caused a copy of the same to be served upon:

Jeanne M. Christensen
Michael J. Willemin
Wigdor LLP
85 Fifth Ave., #5
New York, NY 10003

*Counsel for Plaintiff*

*/s/ Alison N. Davis*
Alison N. Davis

47