UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GITA F. SANKANO,<br><br>      Plaintiff,<br><br>      v.<br><br>TROUTMAN PEPPER HAMILTON SANDERS LLP AND BRIAN IWASHYNA<br><br>      Defendants. | Case No. 1:24-cv-00142-JMC |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Troutman Pepper Hamilton Sanders LLP ("Troutman") and Brian Iwashyna ("Mr. Iwashyna") (collectively, "Defendants") by and through undersigned counsel, hereby move for summary judgment in the above-captioned matter filed by Plaintiff Gita Sankano ("Plaintiff" or "Ms. Sankano"), pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Ms. Sankano is a former associate at Troutman, and a predecessor law firm, Pepper Hamilton LLP. In her Amended Complaint, Ms. Sankano alleges that Troutman discriminated against her and subjected her to a hostile work environment because of her race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the D.C. Human Rights Act (the "DCHRA"), D.C. Code § 2-1401.01 et seq. and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. Ms. Sankano also claims that Troutman and Mr. Iwashyna, her former Practice Group Leader, retaliated against her in violation of Section 1981 and the DCHRA, and Title VII (Troutman only).

Plaintiff's claims of race discrimination (Am. Compl. Counts I, III, and V) cannot survive summary judgment because the undisputed material facts show that Ms. Sankano was not

discriminated against or otherwise subjected to a hostile work environment because of her race. First, Troutman had legitimate, non-discriminatory reasons for its actions, and Ms. Sankano has no evidence that any actions occurred because of her race (Black). Second, Ms. Sankano has abandoned her claim that Troutman terminated her employment because of her race (Black). Third, the undisputed evidence shows that Troutman did not subject Ms. Sankano to an abusive work environment because of her race, and took effective action when she made a complaint to Human Resources about her interactions with a partner.

Plaintiff's claims of retaliation (Am. Compl. Counts II, IV, and VI) also fail as the undisputed material facts show that Troutman and Mr. Iwashyna had a legitimate, non-retaliatory reason for the decision to terminate Ms. Sankano's employment. Mr. Iwashyna made the decision to terminate Ms. Sankano's employment because Plaintiff was not performing at the level expected for an associate with her years of experience. Ms. Sankano is unable to show that the stated reason is untrue and a pretext for retaliation.

For these reasons, as explained more fully in the accompanying Memorandum in Support of Defendants' Motion for Summary Judgment, the Court should grant judgment as a matter of law in Defendants' favor and dismiss this action in its entirety.

| | |
|---|---|
| Dated: January 31, 2025 | */s/ Alison N. Davis* <br> Alison N. Davis, Bar No. 429700 <br> andavis@littler.com <br> Paul Kennedy, Bar No. 428623 <br> pkennedy@littler.com <br> Morgan Kinney, Bar No. 8888325169 <br> mkinney@littler.com <br> LITTLER MENDELSON, P.C. <br> 815 Connecticut Avenue NW <br> Suite 400 <br> Washington, DC  20006.4046 <br> Telephone:   202.842.3400 <br> Facsimile:    202.842.0011 <br><br> *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, the foregoing Defendants' Motion for Summary Judgment, Memorandum in Support thereof and Proposed Order were served via the Court's electronic case filing system on all parties.

*/s/ Alison Davis*
Alison Davis

3