UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GITA F. SANKANO,<br><br>      Plaintiff,<br><br>      v.<br><br>TROUTMAN PEPPER HAMILTON SANDERS LLP AND BRIAN IWASHYNA,<br><br>      Defendants. | Case No. 1:24-cv-00142 |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# Appendix A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GITA F. SANKANO,<br><br>        Plaintiff,<br><br>        v.<br><br>TROUTMAN PEPPER HAMILTON SANDERS LLP and BRIAN IWASHYNA,<br><br>        Defendants. | Case No. 1:24-cv-00142 |

## **DECLARATION OF HENRY LIU**

The undersigned states the following:

1.      My name is Henry Liu.  I am of majority age, and I give this declaration of my own free will based upon my personal knowledge for use in the above-captioned matter.  I identify as Asian.

2.      Prior to July 1, 2020, I was a partner at Pepper Hamilton LLP ("Pepper Hamilton").  On July 1, 2020, Pepper Hamilton combined with Troutman Sanders LLP, which changed its name to Troutman Pepper Hamilton Sanders LLP ("Troutman").  On January 1, 2025, the firm's name changed again to Troutman Pepper Locke LLP.

3.      From July 1, 2020 through December 31, 2024, I was a partner in Troutman's Multifamily Housing Finance ("MFH") practice group, and I am currently a partner in MFH.

4.      In the summer of 2019, when I was the managing partner of Pepper Hamilton's Washington, D.C. office, Plaintiff contacted me and expressed interest in working at the firm. I did not need a new associate, so I referred Plaintiff to Christine Waldmann Carmody, another partner at Pepper Hamilton, who had indicated a potential need for a new associate to support her practice.

5.      I first learned in or around February 2020 that Ms. Carmody was asking to review Gita Sankano's time before it was entered into the system and instructing her to move some of her time to nonbillable numbers.  It was my understanding that Audrey Wisotsky, the Chair of Pepper Hamilton's Associate's Committee, was handling the matter with Ms. Carmody and Ms. Sankano.  Therefore, I did not believe that there was any need for me to get involved at that time. Ms. Sankano's race had nothing to do with my decision to defer to Ms. Wisotsky in the initial handling of the situation involving Ms. Sankano and Ms. Carmody.  I did not believe that Ms. Carmody was treating Ms. Sankano differently than other associates because Ms. Sankano is Black.

1

6. In May 2020, Ms. Wisotsky informed me that Ms. Carmody was still moving Ms. Sankano's time before it was being entered, Ms. Sankano wanted to move to a different practice group, and Ms. Sankano wanted to move her office away from Ms. Carmody's office. I reached out to Ms. Carmody to instruct her to allow Ms. Sankano to enter her time in the system and then write it off on the back end. I also approved Ms. Sankano moving to a different floor (away from Ms. Carmody). I later informed Ms. Carmody that Ms. Sankano would not be working with her anymore and that Ms. Sankano would be moving offices.

7. In or around June 2020, I talked with the Practice Group Leader of Troutman Sanders' MFH practice group, Brian Iwashyna, about whether Ms. Sankano could work with the attorneys in his group after the merger. Then, in July 2020 after the merger, I let Ms. Sankano know that she would be working with the agency (*i.e.,* Fannie Mae or Freddie Mac) team after she returned from a planned vacation in August 2020.

8. I did not work with Ms. Sankano in 2019 or 2020 for several reasons. Ms. Sankano had been hired to support Ms. Carmody, and I had several junior associates who had been hired to support my team who I needed to train and keep busy. Moreover, Ms. Sankano did not have any experience working on agency (*i.e.,* Fannie Mae or Freddie Mac) loans, so she would not have been able to step into work on my team without training. I also understood that Ms. Sankano would begin working with attorneys from the legacy Troutman Sanders firm after the merger in July 2020. Ms. Sankano's race had nothing to do with my assignment of work to other associates instead of her.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_Henry Liu_ _____   1/30/2025 _____
Henry Liu                                                          Date