UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GITA F. SANKANO,<br><br>   Plaintiff,<br><br>  v.<br><br>TROUTMAN PEPPER HAMILTON SANDERS LLP, BRIAN IWASHYNA,<br><br>   Defendants. | Case No. 24-cv-142 (JMC) |

**<u>PRETRIAL CONFERENCE ORDER</u>**

A Pretrial Conference will be held at 10:00 AM on **April 14, 2026**, in Courtroom 3.

Trial will begin on **May 18, 2026**, at 9:30 AM, in Courtroom 3.

Prior to the pretrial conference the parties shall meet and confer for the purpose of preparing the Joint Pretrial Statement and discussing the prospects for settlement. To the extent possible, the parties shall conduct a face-to-face meeting. In advance of the meeting, the Parties should confer and decide upon a deadline for exchanging exhibit lists and other components of the Joint Pretrial Statement so that the Parties can narrow the issues in dispute and have sufficient time to lodge any objections as part of the Joint Pretrial Statement. The parties are directed to confer in good faith and Counsel for Plaintiff shall file a Joint Pretrial Statement pursuant to Local Civil Rule 16.5(a) and (d)(5) not later than **March 30, 2026**. Prior to submitting the Joint Pretrial Statement, the parties must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motions *in limine*.

Counsel for Plaintiff must file the Joint Pretrial Statement (including for jury trials the voir dire questions, proposed jury instructions, and proposed verdict form or for non-jury trials the legal instructions and proposed findings of fact/conclusions of law) electronically via ECF.

A.  **JOINT PRETRIAL STATEMENT:**[1]

In accordance with Local Civil Rule 16.5(b), the Joint Pretrial Statement must include the following:

1. **Parties and Counsel:** List names, addresses, and telephone numbers of all counsel, and the names and addresses of the parties on whose behalf the Joint Pretrial Statement is filed. In addition, identify the lead counsel who will try the case.

2. **Nature of the Case:** Provide a brief statement describing the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction. This statement should be brief, clear, and non-argumentative.

3. **Claims and/or Defenses:** Provide a concise statement setting forth each claim a party has against any other party (including counter-, cross-, and third-party claims). The statement of defenses shall set forth each defense raised by a party to a specific claim asserted against it.

4. **Stipulations:** List all facts to which the parties have stipulated.

5. **Witness Schedule:** List the name and address of each trial witness. The schedule should identify those witnesses a party "will call" and separately identify the witnesses a party "may call" if the need arises, including rebuttal witnesses. The schedule shall also set forth a brief description of the testimony to be given by each witness and an estimate of the time necessary for direct examination. Expert witnesses shall be designated by an asterisk. Witnesses who will be called solely for impeachment purposes need not be listed. No party may call at trial any witness the party has not listed in the Joint Pretrial Statement (except those called for impeachment purposes).

    Each party shall indicate whether any witnesses will testify through an interpreter and, if so, shall indicate in which language the witness shall testify. The parties are reminded that the Court does not provide interpreters in civil matters; the parties are to provide interpreters if needed.

    The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify, but it does preclude the party from objecting to the presentation of such witness's testimony by another party. No listed witness will be precluded from testifying unless an objection is made in the Joint Pretrial Statement and the specific basis and supporting authority for the objection are articulated, though a failure to object in a timely manner may be excused by the Court for good cause shown.

---

[1] If the parties have no statement or submission concerning any one of the items required in Section A (e.g., if the parties have not stipulated to any facts), the Joint Pretrial Statement shall so indicate.

6. **Exhibit List:** List and describe each exhibit to be offered in evidence, including (if possible) rebuttal exhibits, with each exhibit identified by number, title, and date (if applicable).

    No exhibit will be admitted at trial unless it is listed on the Joint Pretrial Statement. Each listed exhibit will be presumed authentic and admissible at trial unless a written objection specifying the specific basis of the objection is made in the Joint Pretrial Statement. **If there are objections to an exhibit listed in the Joint Pretrial Statement, the exhibit shall be produced at the time the Joint Pretrial Statement is submitted as an attachment to the Joint Pretrial Statement.** Objections that are not disclosed in the Joint Pretrial Statement, except those pursuant to Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the Court for good cause shown.

    The Court expects most objections to exhibits to be cured by discussion between the parties, and the parties should stipulate to the admissibility of as many exhibits as possible.

7. **Deposition Testimony:** Identify each deposition or portion thereof, by page and line numbers, that the party intends to offer in evidence. All cross-designations under Fed. R. Evid. 106 must be identified as well. Designated or cross-designated deposition testimony will be deemed potentially admissible at trial, unless an objection is made in the Joint Pretrial Statement. The objecting party must note the basis for the objection, as well as provide supporting authority. Any objections to deposition testimony shall be accompanied by excerpts from the depositions, including the testimony to which the objection relates. Objections not disclosed in the Joint Pretrial Statement, except those pursuant to Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the Court for good cause shown.

8. **Demonstrative/Physical/Videotape Evidence:** Identify all demonstrative, physical and/or videotape evidence that will be used at trial. Such evidence listed in the Joint Pretrial Statement shall be deemed potentially admissible at trial, unless an objection is made in the Joint Pretrial Statement, along with the specific basis for the objection and supporting legal authority.

9. **Relief Sought:** Provide an itemization of damages the party seeks to recover or other relief sought against any party.

10. **Jury Cases:** In jury cases, the parties also must submit

    (a) **Any waiver of a jury trial;**

    (b) **Proposed voir dire questions**. The Court has included its standard voir dire questions as an attachment to this pretrial order. If the parties have any revisions to the Court's standard questions or additional questions that they would like to be included, they should submit proposed voir dire questions that include

    i.   the voir dire questions on which the parties agree; and

      ii.    the voir dire questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

(c) **A list of proposed jury instructions**, followed by the text of each proposed instruction, as well as the specific source and citation for the proposed instructions (e.g., Standardized Civil Jury Instruction for the District of Columbia 2.01: Evidence in the Case) or, for modified or new instructions, specific supporting legal authority. Any variations or alterations of standard jury instructions shall be so noted and the proposed instructions shall be formatted so that each individual instruction begins a new page. Additionally, the parties shall indicate

      i.    the instructions on which the parties agree; and
      ii.    the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any);

(d) **A proposed verdict form**, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

Any objections shall be listed immediately following the voir dire question, jury instruction, or verdict question. The objecting party shall specifically identify the objectionable portion of the voir dire question, instruction, or verdict form, along with the basis of the objection and citations to supporting legal authority. Any objections to the verdict form shall be accompanied by a proposed alternative form.

11. **Non-Jury Cases:** In non-jury cases, the parties must submit legal instructions identifying the law to be applied and detailed proposed findings of fact and conclusions of law with supporting authorities.

12. **Special Matters:** The parties shall identify any special considerations for trial, such as accommodations for persons with disabilities, or any other pertinent matters about which the court should be aware.

13. **Estimated Length of Trial:** List the number of days estimated for trial, and set forth any scheduling problems with witnesses.

B. **MOTIONS *IN LIMINE*:**

Motions *in limine* should be fully briefed at the time of filing of the parties' Joint Pretrial Statement. Accordingly, one omnibus motion per side of not more than twenty-five (25) pages raising all issues *in limine*, including evidence the party seeks to admit at trial under Fed. R. Evid. 404(b), shall be filed with the Court and served on opposing counsel no later than **March 4, 2026**;

oppositions of not more than twenty-five (25) pages shall be due not later than **March 25, 2026**. A party may not file a reply without first requesting leave of the Court.

Where a party fails to file a memorandum of points and authorities in opposition to a motion or issue, the Court may treat the motion or issue as conceded. *See* Local Civil Rule 7(b). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: January 22, 2026

## **VOIR DIRE**

1. Before today, had you read or heard anything, either by word of mouth, in the news media, or on social media, about this case?

2. The Plaintiff is [Name]. Do any of you know or recognize the Plaintiff?

3. The Defendant is [Name]. Do any of you know or recognize the Defendant?

4. I am Judge Jia Cobb. My courtroom deputy is Erica Duncan. The Court Reporter is Stacy Johns. My law clerk is [Name]. Do you know or recognize me or any member of the court staff?

5. Plaintiff's attorneys are [Names] of the law firm [Name]. Do any of you know or recognize Plaintiff's attorneys or their law firm?

6. Defendant's attorneys are [Names] of the law firm [Name]. Do any of you know or recognize Defendant's attorneys or their law firm?

7. I will now ask both the Plaintiff and the Defendant's attorneys to identify the names of people or entities that you may hear from or about during this trial. **[Plaintiff to identify names; Defense to identify names]** Do you know or recognize the names of any of the people or entities that you just heard?

8. Are you or any of your close family members or friends a lawyer?

9. Have you ever served as a juror in any kind of trial?

10. As I mentioned earlier, this case involves a claim of [identify claim]. Do you have strong views about the nature of this case that would prevent you from reaching a fair and impartial verdict based on the evidence in this case?

11. Have you or any member of your immediate family ever been involved in an employment-related lawsuit, either as a party or a witness?

12. Have you ever filed a complaint of discrimination, harassment, or retaliation against your employer in any state or federal court, or before an administrative body such as the Equal Employment Opportunity Commission, or believed that you were discriminated or retaliated against by an employer, regardless of whether you made a complaint about it?

13. Have you, or any member of your immediate family, ever been accused of discrimination or retaliation at work?

14. Do you have any impairments or health issues that might make it difficult for you to give your full time and attention to this trial and render a fair and impartial verdict?

15. Do you have any strong moral or religious convictions that would affect your ability to render a fair verdict in this case?

16. I expect this case to take approximately [identify length of trial], in addition to the time it takes the jury to deliberate and render its verdict. Do you have any pressing commitment that would make sitting on this jury an extreme hardship? **Note to Jury**: I understand that we are all busy. When I refer to a "pressing commitment," I am not referring to work, school, or other important commitments that we all have. I am referring to conflicts like preplanned, out-of-jurisdiction travel that cannot be rescheduled, a scheduled surgery, and other pressing matters that cannot be rescheduled or accommodated.

17. Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, and impartially as a juror in this case?